[No. 8368. Department One. December 14; 1909.]

NORTH COAST RAILWAY COMPANY, *Appellant*, v. JULIA HESS
et al., *Respondents.*[1]

EMINENT DOMAIN — PROCEEDINGS — PROPER PARTIES — MORTGAGEE
AND. LIENORS. Under Bal. Code, § 5638, providing that notice in con-
demnation shall be served on the owner, encumbrancer or tenant
or person otherwise interested in the land, mortgagees, lien claim-
ants, and a city having a lien for assessments, are proper parties
defendant.

SAME—LIENORS—RIGHT TO AWARD—EQUITABLE RIGHT OF COMPANY
TO DISCHARGE OF CLAIMANTS NOT PARTIES. Where, in condemnation
proceedings, the railway company failed to make a mortgagee and
lien claimants parties defendant, and they failed to come in volun-
tarily under Bal. Code, § 5644, and claim an interest in the award
of damages, their liens against the property were not affected by
an award of damages for the full value of the land, paid into court;
but they have the same rights in equity against the fund represent-
ing the land as they had against the land, and as though they had
been claimants under the statute; hence the railway company, hav-
ing paid full value, had an equitable right, irrespective of statute,
to be protected against the liens through proper control of the
funds in court; and it was error to order the fund paid to the
owners without discharge of the liens, against objection by the
company.

SAME—RIGHT OF TENANTS. In such a case, a specific sum
awarded to the tenant in possession as the value of his leasehold
may properly be ordered paid to him.

Appeal from an order of the superior court for Yakima
county, Preble, J., entered February 16, 1909, vacating a
show cause order and dismissing a petition to return money
withdrawn from the registry of the court after payment
thereof on an award of damages in condemnation proceed-
ings. Affirmed in part and reversed in part.

*Danson & Williams, H. J. Snively*, and *Hamblen & Gilbert*,
for appellant.

*Englehart & Rigg*, for respondents.

[1]Reported in 105 Pac. 853.

Morris, J.—The North Coast Railway Company brought suit in Yakima county to condemn lot 5, in block 210, of the original town of North Yakima, for railway purposes. In this suit Julia Hess as owner, and A. N. Miller and wife as lessees, were made defendants, and on December 21, 1908, the court rendered judgment awarding Julia Hess, as owner of the lot, the sum of $15,930.26, and Miller and wife, as lessees, the sum of $521.74, which sums were on said day paid into court by appellant. On the same day the court made and entered its order, reciting that "it appearing to the court that there is a claim that liens exist against said property, it is therefore ordered that said money be not distributed by the clerk of this court until the further order of this court." On December 29 the court made an order directing the payment of the money to respondents Hess and Miller, and upon such order the money was withdrawn from the registry of the court. On January 8 the appellant filed a petition reciting that the lot was encumbered by a mortgage of $2,500, wholly unpaid and not yet due, by a materialman's lien in the sum of $1,914.26, and an assessment for paving of the street in front in the sum of $585. A copy of this petition was served on the prospective lienors, and it prayed that the money withdrawn by Hess and Miller be returned to the registry of the court, and that a time be fixed in which the original defendants and the lienors referred to in the petition should appear in court and show cause why the judgment should not be used in the satisfaction and release of the respective encumbrances. A show cause order was issued, returnable February 16, on which day the court made and entered an order vacating the show cause order and dismissing the petition, from which order so made and entered "and from each any every order made by said court," the railway company has appealed, assigning as error the order of December 29, directing the payment to Hess and Miller, the refusal to grant the relief as prayed for in the petition

of January 8, and the vacating of the show cause order, and dismissal of the petition.

Under our eminent domain law the mortgagee, the lien claimant, and the city of North Yakima were proper parties to the condemnation suit, the statute (Bal. Code, § 5638), providing that notice shall be served on the owner, encumbrancer, tenant, or person otherwise interested in the property sought to be appropriated. It is further provided (Bal. Code, § 5644), that any person or corporation claiming to be entitled to any money paid into court in the condemnation proceedings, may apply to the court therefor, and the court, upon being satisfied of the correctness of the claim, has power to make an order directing the payment to the claimant, or if in the court's judgment it be necessary, it may require the bringing of an action in which conflicting claims might be determined. When, therefore, the railway company failed to make the mortgagee, the lien claimant, and the city defendants, the right was offered them to voluntarily submit themselves and claims to the jurisdiction of the court and have their claims against the property adjudged in that proceeding, or, in case of a contest by the owner, have the payment to the owner withheld until in some proper proceeding the claims could be established. Neither of these provisions of the statute having been complied with, their liens against the property were in no wise affected in the eminent domain proceedings, and, although the judgment has determined the full value of the property, it is still subjected to these various liens to the same extent as before the commencement of the appropriation suit.

The full value of the property was fixed at $15,930.26. The aggregate of these liens is $4,999.26. The railway company then, having paid the full value of the property, must, unless it can be protected in the present proceedings, pay an additional sum of $4,999.26, or such less sum as it may be determined is the true value of these liens, before it can claim an unincumbered title to the property ap-

propriated, a payment against which equity and good conscience revolt. When the railway company paid into court the sum determined by the judgment to be the full value of the land to be taken, the sum so paid represented the land itself, and these various lienors had the same claim upon this fund for the satisfaction of their claims as they had against the land .itself, notwithstanding the fact that their claim of record was only against the land. *Omaha Bridge etc. R. Co. v. Reed,* 69 Neb. 514, 96 N. W. 276; *Calumet River R. Co. v. Brown,* 136 Ill. 322, 26 N. E. 501, 12 L. R. A. 84; *Watson v. N. Y. Cent. R. Co.,* 47 N. Y. 157; *Utter v. Richmond,* 112 N. Y. 610, 20 N. E. 554. They were, therefore, among the persons described in the statute as claimants against the money paid into court by the railway company, and while this right exists here by virtue of the statute, it is the rule, supported by the great weight of authority, that the right is an equitable one and needs no statutory authority for its exercise and enforcement, and this irrespective of whether they were or were not made parties to the proceedings. *Platt v. Bright,* 31 N. J. Eq. 81; *Gray v. Case,* 51 N. J. Eq. 426, 26 Atl. 805; *Philadelphia etc. R. Co. v. Pennsylvania etc. R. Co.,* 151 Pa. 569, 25 Atl. 177; *South Park Com'rs v. Todd,* 112 Ill. 379; *Bank of Auburn v. Roberts,* 44 N. Y. 192.

The railway company has the same equitable right to be protected by this fund, as against the lienors, notwithstanding that after its payment into court it had no legal right or interest in the money. Nor having failed to make the lienors defendants in the appropriation proceedings, could it in law defend as against their true liens. *Platt v. Bright, supra; Philadelphia etc. R. Co. v. Pennsylvania etc. R. Co., supra.*

In the New Jersey case it is said:

"But though such are the relations of the complainant and the railroad company at law, it is very clear that the latter, having paid the full value of the land and damages without deduction for or regard to encumbrances, has, under

the circumstances, the right in equity to protection as against the lien of the mortgage."

In the Pennsylvania case the court says:

"It is admitted that there are mortgages and judgments to a large amount against the owner, which were liens upon the land at the time of its appropriation, and that the lien creditors have a claim upon the sum awarded, which a court of equity, on their motion, will recognize and enforce. But it is contended by the owner that the appellant has no standing to invoke the aid of the court in behalf of the creditors, and that the order applied for is not necessary for its own protection. The case therefore involves a consideration of the respective rights of the owner, the appellant, and the lien creditors. It is the undoubted right of the owner to institute and maintain proceedings for the recovery of the damages resulting from the appropriation of its land, and to have the full benefit of the same. These damages are the price of the easement, and, on payment of them, the appellant has a right to an unincumbered title. If the appellant receives that for which it pays, and the price of the easement is passed directly to the owner, the real estate security of the lien creditors is impaired to that amount, and their sole reliance for it is the personal responsibility of the owner. If, on the other hand, the security of the lien creditors is not affected by the condemnation proceedings, and the appellant has paid the owner without notice to them, it has not acquired an indefeasible title to the easement, but a title which may be directed by a sale on the mortgage or judgment liens."

It follows then that, when the court was apprised of the existence of these liens against the lot appropriated, it was its duty to protect both the lien claimants by seeing that their security was not diminished, and the railway company by seeing that it received that which it had paid full value for as determined by the court's judgment. It was the further duty of the court to give effect and sanctity to its own judgment, and make it speak the truth in awarding the sum established by it as the full value of the land appropriated; and as the rights of the lienors and the railway

company needed no statutory recognition, but rested in equity, so the duty of the court in this respect needed no statutory requirement, but likewise rested in equity. *Bright v. Platt*, 32 N. J. 362; *Crane v. City of Elizabeth*, 36 N. J. Eq. 339.

In the former of these two cases, it is said:

"It is the plain right of the company to have this fund withheld from the mere legal owners until the claims of the mortgagees are extinguished; it is the plain duty of the mortgagees to see that the fund is not paid out to the appellants without an assertion of their own claims upon it; and it is the plain duty of the court to dispose of the fund in the same manner as it would have disposed of the land for which the fund is substituted."

In the latter case the court says:

"But if, in any special case, this owner ought not, in equity, to receive the fund, the court of chancery will, at the instance of any interested complainant take charge of its proper distribution."

To the same effect is *Platt v. Bright*, *supra*, wherein upon this point it is said:

"But the power to make such distribution is not derived from the statute alone. It arises independently of it, from the necessities of the administration of justice, and is inherent in this court."

See, also, *Wooster v. Sugar River Valley R. Co.*, 57 Wis. 311, 15 N. W. 401.

It was error, then, for the court, by its order of December 29, to direct the payment of the award representing the value of the land, to respondent Hess. It was likewise error to vacate the show cause order and dismiss the appellant's petition as against respondent Hess. Having by its order directed the payment of this award to the wrong person, in the light of the equities of the situation, it was the duty of the court to remedy its error in so far as it could, and issue its further order directing the repayment of the money into the registry of the court, there to await the final decree of

the equities of the various parties; and while the court had no power to compel the lien claimants and the owner to contest the equities of these various liens in this proceeding, its equitable powers were ample to make appropriate orders for the protection of all persons known to it to have any interest in the fund under its control. The payment to respondent Miller was not error, as his interest was separate and distinct from the value of the land, and irrespective of that value he was entitled to his damages for the disturbance of his leasehold.

The rulings appealed from are reversed, except as they affect respondent Miller, as to whom they are affirmed. The remaining respondents, save Hess, are not in any wise affected by this ruling. They not having been parties to the condemnation suit, nor properly made parties by appellant's petition and its service upon them, they have no proper place in this appeal.

The cause is remanded for such further proceedings as may be in accord with the views herein expressed.

RUDKIN, C. J., FULLERTON, CHADWICK, and GOSE, JJ., concur.