[No. 9705. Department One. January 4, 1912.]

SADIE SILVERSTONE et al., Appellants, v. ANTHONY HARN et al., Respondents.[1]

TAXATION—FORECLOSURE—WANT OF PROCESS. A tax foreclosure proceeding without the service of any process is without jurisdiction and void.

EMINENT DOMAIN—AWARD OF DAMAGES—PARTIES ENTITLED—DECREE—DEFAULT OF TRUE OWNERS. In condemnation proceedings, when all persons interested in or claiming title to the land were duly served, and the true owners defaulted, and a trial of the issues was had between the relator and certain claimants, the relator is not charged with errors in determining who were the parties entitled to the award, and an award to such claimants and a decree adjudging that they are the true owners of the land is not void as to the relator, who acquired title to the land upon payment of the award to the clerk of the court, as provided by Rem. & Bal. Code, § 929.

SAME—PARTIES ENTITLED—GRANTEE OF OWNERS AFTER AWARD. The final decree in condemnation proceedings effects an involuntary sale of the land, and a subsequent deed by the owner conveys nothing; since the title was divested by the payment of the award and the subsequent deed did not operate as an assignment of the award, where it contained no apt words of assignment.

QUIETING TITLE—COMPLAINT—SUFFICIENCY. The complaint in an action seeking equitable relief to set aside certain proceedings is insufficient as a suit to quiet title to the land where it contains no proper description of the land.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 19, 1911, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Affirmed.

Edward Judd, for appellants.

Vince H. Faben and Elias A. Wright, for respondents Harn.

Bogle, Merritt & Bogle, for respondent Oregon and Washington Railroad Company.

[1]Reported in 120 Pac. 109.

Fullerton, J.—This is an appeal from a judgment of dismissal, entered after a general demurrer had been sustained to the plaintiffs' amended complaint, and after the plaintiffs had elected to stand thereon. The ultimate question for decision therefore is, does the amended complaint state facts sufficient to constitute a cause of action.

In brief, it is alleged in the complaint, that one John P. Lynn was the owner of certain lands, situated in King county; that he suffered the taxes thereon to become delinquent, and that a certificate of delinquency therefor was issued by the treasurer of King county to one A. M. Hanley; that Hanley began foreclosure proceedings on his certificate, and caused summons thereon to be duly issued, but failed to serve the same in the manner prescribed by law; that, nevertheless, the court assumed to enter judgment in such proceedings and to order the land sold therein; that the land was so sold, and that one Anthony Harn became purchaser at such sale; that Harn was at the time a married man, and that his wife subsequently died, leaving as her heirs at law certain minor children. It is then alleged that the Oregon and Washington Railroad Company began proceedings to condemn a portion of the land for railroad purposes; that in this proceeding the railroad company made parties defendant the original owner of the property, as well as Harn, the purchaser at the tax sale, and the minor heirs of the deceased wife of Harn; that the Harns alone appeared in the proceedings, the other defendants making default; that the court, on the preliminary hearing, found that the lands were necessary for the use of the railway company, that it was entitled to condemn the same, and it set the cause for hearing before a jury to determine the compensation that should be paid for taking the land; that on the hearing the jury returned the following verdict:

"We, the jury in the above-entitled cause, do find for the respondents, Anthony Harn, Earl R. Harn, A. C. Harn, Chas. E. Harn, Mary E. Harn, minor heirs, as compensa-

tion for lots 31, in block three (3), Union Depot Addition, the sum of $1,350, exclusive of buildings and improvements, and that as damages to lots damaged, but not taken, to wit, lots 1, 2 and 3 of block three (3), in said addition, in the sum of $65, and that said respondents are the sole owners of said lots.

"We further find, that the respondents John P. Lynn and Jane Doe Lynn, his wife, and Harry White, Will R. White and George W. H. White, have no interest and neither of them has any interest in or to any of the above described real property."

That following this verdict, the following judgment was entered:

"This cause having come on for trial on this 12th day of June, 1907, pursuant to order of the court entered April 26, 1907, and the petitioner appearing by its attorneys, Bogle, Hardin & Spooner, and the respondents, John P. Lynn and Jane Doe Lynn, his wife, and Harry White, W. R. White and W. H. White not appearing, although duly served with notice as prescribed by law, and the respondents, Anthony Harn and Jane Doe Harn, his wife, appearing by their attorney Vince Faben, and Earl R. Harn, Anthony G. Harn, Charles E. Harn, Mary E. Harn and Joseph P. Harn, appearing by their guardian *ad litem*, Anthony Harn, by his attorney, Vince Faben, and demanding a jury trial, thereupon the court ordered that the damages be tried and the value of the property in controversy be assessed by a jury, and thereupon a jury being empaneled, the parties hereto, by their respective attorneys, introduced evidence before the jury as to the value of the property in controversy and the damages to result to the respondents by the taking and appropriating same, and the jury having heard all the evidence, returned a verdict for the respondents, Anthony Harn and Jane Doe Harn, his wife, Earl R. Harn, Anthony G. Harn, Charles E. Harn, Mary E. Harn, and Joseph P. Harn, that the value of the property described in the petition, to wit, lot 31, block 3, Union Depot Addition to South Seattle, according to the plat thereof on file in the office of the auditor of King county, is $1,350, which is full compensation for the taking of said premises, and that the damages suffered by said respondents to the remaining property belonging to

them, namely, lots 1, 2 and 3 in said block and addition, is the sum of $65; and the court further found that Anthony Harn and Jane Doe Harn, his wife, Earl R. Harn, a minor, Anthony G. Harn, a minor, Charles E. Harn, a minor, Mary E. Harn, a minor, Joseph P. Harn, a minor, are the sole owners and parties in interest in the real estate described in the petition herein, and that neither John P. Lynn and Jane Doe Lynn, his wife, Harry White, Will R. White and George W. H. White, nor any other persons or parties whatsoever have any right, title, estate, lien or interest in said real estate, and they and each of them are and shall be forever estopped from claiming such right, title or interest.

"It is therefore ordered and adjudged by the court that the full compensation for the taking of said premises and for all the damages to the said respondents herein is the sum of one thousand four hundred and fifteen dollars ($1,415), and that upon payment of said sum of money by said petitioner to the clerk of this court for said respondents, Anthony Harn and Jane Doe Harn, his wife, Earl R. Harn, Anthony G. Harn, Charles E. Harn, Mary E. Harn, and Joseph P. Harn, the title to said above described premises, shall be divested out of said respondents and all other persons, and the same and all interest therein shall be vested in the Oregon & Washington Railroad Company, and said Oregon and Washington shall, immediately upon the payment of said sum of money be entitled to enter upon said premises and have the exclusive possession thereof."

That thereupon the railroad company paid the money into court, whereupon it was paid out by the clerk to Anthony Harn for the use of himself and the minor children of his deceased wife. It is further alleged that, during all of the time these proceedings were being had, the fee of the land was in John P. Lynn and that Lynn subsequently conveyed the fee to the plaintiffs in the present action. It is also alleged that the plaintiff tendered to the respective parties paying the same the taxes assessed against the land not paid by John P. Lynn, and that such tender was refused. The prayer of the complaint is that a decree be entered declaring the tax deed from the county treasurer to Harn, and that portion of the decree in the condemnation proceedings as-

suming to adjudicate the title to the land, to be null and
void and clouds upon the title of the plaintiffs to such land;
that the Oregon and Washington Railroad Company be de-
creed to pay to the plaintiffs the sum awarded by the jury
as compensation for the land taken by them, or, in case of
default therein by the company, that the plaintiffs be decreed
entitled to the immediate possession of the land. General
relief, such as the court shall deem meet and equitable, is
also asked.

In this court the appellants contend that they are entitled
to relief somewhat broader than the specific relief prayed
for in their complaint. They contend, first, that the decree
and sale in the tax foreclosure proceedings were void, because
the summons thereon was not served in the manner prescribed
by the statute, nor in such manner as to give the court
jurisdiction to enter the decree and order of sale; and hence,
the respondents Harn acquired no title or interest in the
land by reason of the purchase at such tax sale; and, second,
that the decree entered in the condemnation proceeding is
void, because it went beyond the purview of the statute since
it assumed to adjudicate not only the compensation that
should be paid for the land taken and damaged but the title
to the land taken and damaged and what persons were en-
titled to the award made therefor; and hence, that they are
entitled to a decree awarding them possession of the land
and declaring the tax and condemnation decrees null and
void as clouds upon their title.

With the contention that the tax sale is void we can agree.
In tax foreclosure proceedings, service of the summons in
some statutory form is necessary in order to give the court
jurisdiction to enter a valid judgment authorizing a sale of
the taxed property, and in the complaint it is alleged there
was no such service. But the contention with reference to
the condemnation proceedings is not so well founded. The
proceedings are set out in full in the complaint, and show
that the petitioning company made parties to the proceed-

ings all persons shown by the record to have an interest in the property, the original owner of the property as well as the successors in interest of the purchaser at the tax sale, and caused them to be served with process in the manner prescribed by statute. This was sufficient to give the court jurisdiction to enter a final decree of appropriation of the land. It may be that the verdict of the jury and the decree of appropriation as returned and entered—since the verdict found that certain parties owned the land and the decree directed the railway company to pay into court the amount of the award for such owners—went beyond the purview of the statute; but, if this be so, it does not necessarily follow that the decree of condemnation is void, nor that the railway company is now responsible to the true owners for the award by the jury. The record shows that the court treated the defendants Harn as adversary parties to the railroad company's suit, and heard their contentions as to the amount of the award that should be made for the land appropriated, as well as their contentions as to the ownership of the land appropriated and their right to any award that should be made therefor. The railroad company cannot, therefore, be charged with the errors the court and jury may have made in determining who were the owners of the land and entitled to the award made. It could not control that part of the proceedings, and cannot be charged with the consequences thereof. It did its full duty when it made all persons shown to be interested in the property parties to the proceedings, gave them the statutory notice of such proceedings, and paid the award into court for the use of such owners. There was no obligation on its part to hunt out the true owner and pay the award to him personally, as the constitution itself makes it a sufficient payment on the part of a condemner to pay the award into court for the use of the owner, and the statute expressly provides that it may be so paid. Const., art. 1, § 16; Rem. & Bal. Code, § 929. In so far as the

railroad company is concerned, therefore, the complaint fails to state facts sufficient to constitute a cause of action.

It seems clear, also, that the appellants have no cause of action against the Harns for the money paid into court by the railroad company. At the time of the entry of the decree of condemnation, this money became the property of the owner of the condemned land. The condemnation proceedings effected an involuntary sale of the property from the owner to the railroad company. On the entering of the decree, the owner's right to the property ceased and his right to the money became absolute. Any subsequent deed to the condemned land by such owner would therefore convey nothing, for the reason that the owner had no interest in the land to sell. It would not operate as an assignment of the owner's right to withdraw the money from the court for the reason that it contained no apt words of assignment; that is to say, no one can gather from the mere reading of a deed to real property that it was intended by the parties as an assignment of a right to withdraw a sum of money deposited in court for the benefit of the person executing the deed. *In re Seattle*, 26 Wash. 602, 67 Pac. 250. Since, therefore, the appellants have only a deed from the former owner of the condemned land, made subsequent to the condemnation, he has no cause of action for the money paid into court for the land even though it may have been wrongfully withdrawn therefrom by a stranger. This right is a personal right still vested in the person owning the land at the time of its condemnation.

The complaint inferentially shows that the appellants' deed included land purported to have been sold for taxes, not condemned by the railroad company, but as there is no proper description of this land in the complaint, the complaint is insufficient as to it also.

The judgment is affirmed.

Dunbar, C. J., Parker, Mount, and Gose, JJ., concur.