[No. 9889.   Department Two.   January 4, 1912.]

M. O. CARTON *et al.*, *Appellants*, v. THE CITY OF SEATTLE
*et al.*, *Respondents.*[1]

EMINENT DOMAIN—AWARD—WRONGFUL DISTRIBUTION — LIABILITY.
Where, through error and the wrongful action of attorneys, an award
in condemnation is adjudged to be paid to persons having no interest
therein, and the payment was made and the judgment satisfied, the
city as relator is not liable to the true owners of the property; since
under Rem. & Bal. Code, § 7784, the payment of the award immedi-
ately vests the title in the city, and under Id., § 7778, the duty of
making proper distribution is upon the court and not the city.

Appeal from a judgment of the superior court for King
county, S. H. Steele, Esq., judge *pro tempore*, entered June
27, 1911, upon granting a nonsuit, dismissing an action to
obtain an award in condemnation proceedings.   Affirmed.

*Carkeek, McDonald & Kapp*, for appellants.

*Scott Calhoun* and *William B. Allison*, for respondents.

CHADWICK, J.—In the prosecution of the Westlake im-
provement project, the city of Seattle condemned certain
property belonging to A. E. Rutherford and wife.   So far
as it appears from the record, all parties having an interest
in the property were brought in and the case proceeded to
trial, resulting in a verdict in the sum of $6,106.20.   H. R.
Clise and Edwin D. Neupert had each an interest in the prop-
erty as mortgagees, but made no appearance, nor did they
participate in the trial.   At the time or before the verdict
was rendered, the names of Clise and Neupert were, upon
motion of the attorney who appeared for Rutherford, stricken
from the verdict.   Thereafter, and in due course of the pro-
ceeding, the attorney for Rutherford and another, who, so
far as this record shows, had no interest in the proceeding,
obtained an order from the court directing that the award

[1]Reported in 120 Pac. 111.

be paid over to a Mrs. Campbell, who was named in the verdict as an interested party. This was done, and the judgment satisfied. Mrs. Campbell had no interest in the property. Thereafter this plaintiff, M. O. Carton, who was a heavy creditor of the Rutherfords, took a deed for the property, with a contract in which it was agreed that, if the amount of his debt was not paid within six months, the deed should become absolute. There was no redemption, and plaintiff, to secure the entire interest in the property, bought the Clise mortgage outright, taking an assignment therefor, and thereafter bought the Neupert mortgage. There is some contention over the manner and effect of the transfer of the latter mortgage, but for our purposes we shall assume plaintiff's contention that it was regularly assigned and not satisfied. Having the entire title, plaintiff made demand on the city for the amount of the award, and was then informed of the state of the record. Accordingly this action was brought by plaintiffs against the city, the contractors in charge of the work, the present holders of the warrant, and the offending attorneys. From a judgment of nonsuit, plaintiffs have appealed.

This action is waged upon the theory that the city is liable to the plaintiffs for the misapplication of the fund, and the judgment of the trial judge was based principally, if not entirely, upon the theory that the mortgages had become merged in the legal title, and that no recovery could be had by the assignee thereof. We cannot agree with this theory, nor will we discuss it, for we find ample warrant in other principles of the law to sustain the judgment of the trial court. It is a maxim of the law that for every wrong there is a remedy; or, stating the principle the other way, there can be no remedy unless there be a wrong. A wrong consists in a trespass upon the right of another, or in the omission of a duty imposed by law. Applying this test, we cannot conceive how a right of action can be maintained against the city. There is no suggestion that it did not proceed in

strict accord with the statute. It brought the property within the jurisdiction of the court; it made all interested therein parties, and upon the return of a verdict assessing damages, paid the fund into court, or, what is the same thing, made it available to those who had a lawful claim thereto. Beyond this, it was not required to go. The law puts no duty of segregation, or application of the funds once paid into the registry of the court, upon it, and if the court inadvertently, or as the result of fraud practiced upon it, omits the names of some of the proper parties from the verdict, or makes payment to the wrong party, it does not make the city liable beyond the terms of the statute, or deprive the parties claimant of any rights or obligations *inter sese*.

Practically the same question was before the court in the case of *Silverstone v. Harn, ante* p. 440, 120 Pac. 109. It is there said:

"The railroad company cannot, therefore, be charged with the errors the court and jury may have made in determining who were the owners of the land and entitled to the award made. It could not control that part of the proceedings, and cannot be charged with the consequences thereof. It did its full duty when it made all persons shown to be interested in the property parties to the proceedings, gave them the statutory notice of such proceedings, and paid the award into court for the use of such owners. There was no obligation on its part to hunt out the true owner and pay the award to him personally, as the constitution itself makes it a sufficient payment on the part of a condemner to pay the award into court for the use of the owner, and the statute expressly provides that it may be so paid. Const., art. 1, § 16; Rem. & Bal. Code, § 929. In so far as the railroad company is concerned, therefore, the complaint fails to state facts sufficient to constitute a cause of action."

Reference to the statute, Rem. & Bal. Code, § 7784, will show that, upon the making of the award, the city has an immediate vested right in the property, and can take posses-

15—66 WASH.

sion thereof. Its duty to the parties is ended. The duty of distributing the fund is upon the court. Rem. & Bal. Code, § 7778. This section seems to imply that there shall be an interchange of pleadings between the parties interested, and that the court shall make such award as will satisfy the several interests. In the settlement of conflicting demands upon the fund the city can have no possible interest. A right to take the land is a proceeding *in rem,* and is satisfied when the money is substituted for the *res.* Such is the logic of the case of the *North Coast R. Co. v. Hess,* 56 Wash. 335, 105 Pac. 853, where, although the mortgagee was not made a party, the court held, quoting from the case of *Bright v. Platt,* 32 N. J. Eq. 362, that there was a duty upon the parties in interest to see that the fund was properly apportioned. We adopt the following language from the case cited:

"It is the plain duty of the mortgagees to see that the fund is not paid out to the appellants without an assertion of their own claims upon it; and it is the plain duty of the court to dispose of the fund in the same manner as it would have disposed of the land for which the fund is substituted."

The case of *Thompson v. Chicago, S. F. & C. R. Co.,* 110 Mo. 147, 19 S. W. 77, is very similar to the case at bar. There the mortgagee, as well as certain trustees holding under a deed of trust, was made a party to the suit, but the award of damages was made to the owner of the equity of redemption, without referring to the other interests. The mortgagee brought action against the condemning company. The court said:

"This seems to be an appropriate, if not the proper, course to pursue where an incumbrancer is made a party to a condemnation proceeding. 1 Jones on Mortgages (4th ed.), § 681a; *Goodrich v. Board,* 45 Alb. Law Jour. (Kan.), Nov. 1891, p. 47. The damages awarded to the owner stand instead of the land, and can be subjected to the payment of the incumbrance. *Railroad v. Brown,* 12 L. R. A. 84, and notes. 'The burden of proof is on the mortgagee to show

to what extent he has a claim upon the funds; and that question is then litigated between the parties in interest, and not at the cost of the taker of the land.' 1 Jones on Mortgages (4th ed.), § 681a. 'The landowner is entitled to full damages, and the question as to the distribution of the money between the mortgagees is a question which does not concern the plaintiff.' *Railroad v. Baker*, 102 Mo. 553."

See, also, *Ross v. Elizabethtown etc. R. Co.*, 20 N. J. L. 230. The right of a mortgagee to maintain an original action for the amount of the award, if maintained, must be based upon the theory that the *res*, or the fund in lieu thereof, has been destroyed. The action is personal and in tort, and the right to maintain it does not pass by deed. *Silverstone v. Harn*, *supra;* 10 Am. & Eng. Ency. Law (2d ed.), 1189.

The judgment of the lower court is therefore affirmed, without prejudice, however, to the plaintiff to invoke the general equity powers of the court in the original action as was done in the *Hess* case, or to take an assignment of the right which is in Rutherford and wife to bring a personal action for damages against those responsible for the present state of affairs. We make no finding as to the rights of the warrant holders, except to affirm the present judgment as to them. The city being entitled to take possession of the property upon payment of the award, it follows that no cause of action is stated against Holt & Jeffery, its contractors.

Affirmed.

DUNBAR, C. J., MORRIS, CROW, and ELLIS, JJ., concur.