[No. 11060.   Department One.   July 19, 1913.]

## M. O. CARTON et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

EMINENT DOMAIN—AWARD — WRONGFUL DISTRIBUTION — LIABILITY. Where a city, after bringing in all the necessary parties and prosecuting condemnation proceedings strictly as required by law, paid the award to the parties adjudged entitled thereto, no appeal having been taken from the judgment, it is not liable to the true owners of the property even though payment was made to the wrong parties through inadvertence, fraud, or the failure of the parties to keep faith with one another.

Appeal from a judgment of the superior court for King county, Gay, J., entered November 8, 1912, upon findings in favor of petitioners for an award in a condemnation case.   Reversed.

[1]Reported in 133 Pac. 596.

*James E. Bradford* and *William B. Allison*, for appellant.

*Carkeek, McDonald & Kapp*, for respondents.

*William L. Waters*, *in propria persona*, defendant.

MOUNT, J.—This is a proceeding in a condemnation case wherein M. O. Carton and wife claim an interest in an award in condemnation, and seek to recover such interest from the city of Seattle, which condemned the property, and from certain other interested parties who have collected the award in condemnation. Upon a trial of the issues made in this proceeding, the trial court awarded the petitioners a judgment against the city of Seattle in the sum of $1,665, and against certain other parties in the sum of $232. The city only has appealed.

This is the second appeal upon substantially the same facts. When the case was here before, we said in *Carton v. Seattle*, 66 Wash. 447, 120 Pac. 111:

"This action is waged upon the theory that the city is liable to the plaintiffs for the misapplication of the fund, and the judgment of the trial judge was based principally, if not entirely, upon the theory that the mortgages had become merged in the legal title, and that no recovery could be had by the assignee thereof. We cannot agree with this theory, nor will we discuss it, for we find ample warrant in other principles of the law to sustain the judgment of the trial court. It is a maxim of the law that for every wrong there is a remedy; or, stating the principle the other way, there can be no remedy unless there be a wrong. A wrong consists in a trespass upon the right of another, or in the omission of a duty imposed by law. Applying this test, we cannot conceive how a right of action can be maintained against the city. There is no suggestion that it did not proceed in strict accord with the statute. It brought the property within the jurisdiction of the court; it made all interested therein parties, and upon the return of a verdict assessing damages, paid the fund into court, or, what is the same thing, made it available to those who had a lawful claim thereto. Beyond this, it was not required to go. The law puts no duty of segregation, or application of the funds once paid into the registry of the

court, upon it, and if the court inadvertently, or as the result of fraud practiced upon it, omits the names of some of the proper parties from the verdict, or makes payment to the wrong party, it does not make the city liable beyond the terms of the statute, or deprive the parties claimant of any rights or obligations *inter sese.*"

After further discussion of the case, we concluded by saying:

"The judgment of the lower court is therefore affirmed, without prejudice, however, to the plaintiff to invoke the general equity powers of the court in the original action as was done in the *Hess* case, or to take an assignment of the right which is in Rutherford and wife to bring a personal action for damages against those responsible for the present state of affairs."

Thereafter these petitioners commenced this action in the lower court, alleging, in substance, that certain property had been condemned; that city warrants had been issued in payment therefor in the sum of $6,130.40 and in the sum of $230.16; that the city had appropriated the real estate for public uses; that it had levied an assessment and collected funds which the city was holding in lieu of the property; that the city was holding in trust the sum of $6,360.56; and that unless restrained by the court it would pay this sum of money to persons not entitled to receive the same; that the petitioners had an interest in the fund to the extent of one lot and a fraction. The petitioners further alleged that, if the city was not restrained, the fund in the possession of the city treasurer which was held in lieu of the land would be dissipated and lost; that the petitioners' mortgage and liens on the property in question would be lost and destroyed and be of no value; that petitioners had no plain, speedy or adequate remedy at law. There was a prayer for a restraining order against the city. A hearing was had on the show cause order, and the trial court denied the restraining order. Thereafter the city paid the warrants, which were held by W. D. Perkins & Company. Afterwards the action came on for trial before

the court without a jury. It appeared in this case that the city of Seattle, in July, 1908, commenced an action to condemn certain lots in the city of Seattle for street purposes. All the record owners and encumbrancers were made parties to that proceeding, which resulted finally in a judgment in favor of Mrs. P. A. Campbell in the sum of $6,320.76. No appeal was taken from that judgment, and it became final. After the judgment had been entered, it was satisfied by Mrs. Campbell and she procured from the county clerk a transcript of the execution docket and presented the same to the city comptroller and demanded and received therefor a condemnation warrant for the amount of the judgment and costs. After the issuance of this warrant, it was sold and assigned to W. D. Perkins & Company. After sufficient money had been collected by the city and was in the hands of the city treasurer to pay this warrant, and after the restraining order in this proceeding had been denied, the city treasurer paid the warrant to W. D. Perkins & Company, the holders of the warrant. Upon the trial of this case, the trial judge evidently concluded that the city had wrongfully paid this money to W. D. Perkins & Company, after notice that these petitioners had a claim against the same, and therefore entered a judgment against the city for the sum of $1,665, being the interest which these petitioners had in the property condemned by the city.

Whatever may be the rights of the parties interested in the property condemned, as between themselves, need not be here decided. We endeavored to make it plain in *Carton v. Seattle, supra,* that the city was not liable for the misapplication of the funds which had been brought within the jurisdiction of the court upon the condemnation proceeding. In that case we said:

"There is no suggestion that it did not proceed in strict accord with the statute. It brought the property within the jurisdiction of the court; it made all interested therein parties, and upon the return of a verdict assessing damages, paid the

fund into court, or, what is the same thing, made it available to those who had a lawful claim thereto. Beyond this, it was not required to go."

The same is true in this case. The city did all that it was required to do. It brought the property within the jurisdiction of the court; it made all interested therein parties to the action, and upon the return of a verdict assessing the damages for the property taken, it paid the fund into court, or, what is the same thing, made it available to all the parties interested in it. All the parties interested in it finally consented that a judgment should go in the name of Mrs. P. A. Campbell. A judgment was so entered. No appeal was taken therefrom, or objection made thereto. Mrs. Campbell, through her authorized attorneys, satisfied the judgment and received the city's warrant therefor. She negotiated the warrant; and the city, after the money had been paid into the treasury for the purpose, paid the warrant. So far as the city is concerned, it followed the provisions of the law strictly, and lawfully paid the money to the holder of the warrant. The city did nothing unlawful in the matter. When it paid the award fixed by the court in condemnation to the parties adjudged entitled thereto, its liability ceased. The fact, if it be a fact, that some of the parties to the action did not keep faith with other parties, did not involve the city in any further liability. As we said in the other case:

"If the court inadvertently, or as the result of fraud practiced upon it, omits the names of some of the proper parties from the verdict, or makes payment to the wrong party, it does not make the city liable beyond the terms of the statute, or deprive the parties claimant of any rights or obligations *inter sese.*"

It is plain, we think, that the trial court erred in granting a further judgment against the city. The judgment is therefore reversed, and the action dismissed as against the city.

CHADWICK, GOSE, and PARKER, JJ., concur.