*In the* MATTER OF THE PETITION OF DILLMAN.

APPEAL OF METROPOLITAN LIFE INS. CO.

1. EMINENT DOMAIN—HIGHWAYS—TIME OF TAKING PROPERTY.

   As between awardees, both claiming compensation in proceedings to condemn property for highway purposes under statute of which neither questions constitutionality, time of taking is governed thereby (Const. 1908, Art. 13, § 1; 1 Comp. Laws 1929, § 3889).

2. SAME—TIME OF TAKING—STATUTES—REVIEW BY COURT COMMISSIONERS.

   Time of taking property in condemnation proceedings for State highway purposes under 1 Comp. Laws 1929, § 3884 *et seq.*, is as of payment, tender or deposit of compensation awarded by State highway commissioner and occurs early in the proceeding so that construction work may not be delayed; the proceedings for review by court commissioners, which he is bound to institute being in the nature of a review of the award made by him.

3. SAME—WHEN TAKING IS COMPLETE.

   If proceedings, under statute to condemn property for highway purposes, to determine necessity, to make tender or deposit, and to give notice of taking possession are regular, the taking of the property for public use is complete (1 Comp. Laws 1929, § 3884 *et seq.*).

4. SAME—ABANDONMENT OF PROCEEDINGS.

   Statute authorizing condemnation of property for highway purposes does not authorize dismissal or abandonment of proceedings after landowner's right to compensation has become vested, or after actual possession of land has been taken (1 Comp. Laws 1929, § 3884 *et seq.*).

5. SAME—TIME OF TAKING—APPOINTMENT OF COURT COMMISSIONERS—RECIPROCAL NEGATIVE EASEMENTS—MORTGAGES—VENDOR AND PURCHASER.

   As between mortgagee which had foreclosed its mortgage and land contract vendee, both claiming award of compensation

for taking of reciprocal negative easement, where neither questions regularity of proceedings prior to appointment of court commissioners, such proceedings must be accepted as regular and as having resulted in taking of the easement before such appointment and before foreclosure (1 Comp. Laws 1929, § 3884 *et seq.*).

6. SAME—CONDEMNATION OF WHOLE PROPERTY—PARTICIPATION OF MORTGAGEE IN AWARD.

Where whole of mortgaged land is taken in condemnation proceedings, mortgagee is entitled to so much of entire award as is necessary to satisfy his indebtedness.

7. SAME—CONDEMNATION OF PART OF PROPERTY—PARTICIPATION OF MORTGAGEE IN AWARD.

Upon condemnation of part of property subject to a mortgage, mortgagee is entitled to so much of the award as is necessary to preserve his security against evident or established impairment.

8. SAME—MORTGAGES—FORECLOSURE—DEFICIENCY—LIEN ON AWARD.

Upon condemnation of part of property subject to a mortgage an equitable lien on award arises and upon foreclosure, the equitable lien continues and charges award with deficiency.

Appeal from Oakland Probate Court; McGaffey (Dan A.), J. Submitted April 21, 1936. (Docket No. 147, Calendar No. 38,818.) Decided June 16, 1936.

In the matter of petition of Grover C. Dillman, State Highway Commissioner, for condemnation of certain land. From order striking name of Metropolitan Life Insurance Company, mortgagee, from award, it appeals. Reversed.

*Prescott, Coulter, Campbell & Baxter* and *Bulkley, Ledyard, Dickinson & Wright* (*Glenn D. Curtis,* of counsel), for appellant.

*Carl A. Braun* and *Glenn C. Gillespie,* for appellee Rowena B. Dilks (Gurley).

Fead, J.   In the proceedings to condemn a reciprocal negative easement in connection with the widening of Woodward avenue and relocation of the right of way of the Grand Trunk Railway, *Johnstone* v. *Railway Co.*, 245 Mich. 65 (67 A. L. R. 373), compensation of $1,520 was awarded and the title owners, vendees under land contract, and appellant mortgagee were named as awardees generally and without determination of their specific rights in the fund.   On petition of a contract vendee the award was amended by striking the name of appellant therefrom, and it appeals.

Appellant's mortgage was dated March 9, 1927. The State highway commissioner made determination of necessity October 14, 1929, and found "no damages" for taking the easement.   November 4th, three commissioners were appointed by the court to fix compensation for the taking.   They filed their report August 13, 1935.

In the meantime, and on June 13, 1934, appellant commenced foreclosure of its mortgage by advertisement, claiming $3,185.35, then due.   It purchased at foreclosure sale on September 10, 1934, for $2,998.67, leaving a deficiency of $464.86 as of the date of sale.   A moratorium order has extended the period of redemption.

Appellant's contention is that the easement is "taken" for public use by the judgment awarding compensation (or on later payment or deposit thereof); that, as the award at bar was after the sale on foreclosure, appellant, as purchaser on such sale, was then owner of the premises and is entitled to the whole of the award, with obligation only to hold the award and land together, subject to redemption.   It urges that the time of the taking is governed by Const. 1908, art. 13, § 1:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

In the alternative, appellant contends that if the easement was taken by the public before the foreclosure sale, it, as mortgagee, is entitled to make the deficiency out of the fund.

Appellee contends that the easement was taken before the foreclosure sale and appellant is not entitled to any part of the award, especially because it became purchaser on foreclosure. It urges that the time of the taking is governed by the statute (1 Comp. Laws 1929, § 3884 *et seq.*), which provides for determination of necessity and award of compensation by the State highway commissioner, payment or deposit of such award and filing of the proof thereof, together with notice to the owners or occupants of the premises, and 1 Comp. Laws 1929, § 3889:

"Upon the filing of such determination and the giving of such notice, as aforesaid, the title, and the right of possession to all of the property and property rights described in the determination shall vest in the township, county or State, as the case may be, for the purpose or purposes therein stated," etc.

Neither party questions the constitutionality of the statute nor the regularity of the proceedings leading to the appointment of court commissioners. Both claim the compensation awarded in the statutory proceedings. Consequently, the statute governs the time of the taking, as between them.

The plain intent of the act is that the "taking" shall occur early in the proceedings in order that

construction work may not be delayed. It sets the time as of the payment, tender, or deposit, of compensation awarded by the State highway commissioner, and notice. The commissioner cannot dismiss the condemnation thereafter, but is bound to institute the proceedings for the appointment of court commissioners to finally determine the compensation. The proceeding before the court commissioners is, in effect, a review of the award made by the State highway commissioner. It follows the taking. All this was foreshadowed in *Johnstone* v. *Railway Co., supra,* and in *Re State Highway Commissioner,* 252 Mich. 116. In the latter case, page 125, it was said:

"If the proceedings to determine necessity, to make tender or deposit, and to give notice of taking possession are regular, the taking of the property for public use is complete. The statute gives no authority to commissioner or court to thereafter abandon the condemnation, withdraw the award of compensation made by the highway commissioner, or reinvest the title in the landowner under any circumstances. In the absence of statutory leave, condemnation proceedings cannot be dismissed or abandoned after the landowner's right to compensation has become vested (20 C. J. p. 1079), or after actual possession of the land has been taken (20 C. J. p. 1082). It is the legal duty of the highway commissioner to go on."

Of course, it is impossible to pay, tender or deposit "no damages." If the validity of the condemnation were under attack, the commissioner's failure to award compensation might raise a vexatious question. But, as the parties participated in the proceedings and are seeking the benefit therefrom without raising the point, it is not before us.

As between the parties hereto, all proceedings prior to the appointment of the court commissioners must be accepted as regular and as having resulted in the taking of the easement before such appointment.

We hold that the easement was taken for public use before the foreclosure and while appellant was a mortgagee.

There are cases to the contrary, but the weight of authority is that a mortgagee is entitled to participate in the award. 20 C. J. p. 856; 10 R. C. L. p. 140.

"Thus, where the whole of the mortgaged land is taken in the proceedings, the mortgagee is entitled to the entire award or at least to so much of it as is necessary to satisfy the mortgage indebtedness." 58 A. L. R. 1534, note.

This rule was adopted in *City of Detroit* v. *Fidelity Realty Co.*, 213 Mich. 448.

"Where only a part of mortgaged property is taken in eminent domain proceedings, the mortgagee is entitled, generally speaking, to only so much of the award as is necessary to compensate him for his interest in the part taken." 58 A. L. R. 1539, note.

There is no controlling case upon the latter rule in this State. In *Re Widening Woodward Avenue*, 265 Mich. 87, the right of a mortgagee to participate in an award was not challenged. In *Detroit, Bay City & Western R. Co.* v. *First National Bank of Yale*, 196 Mich. 660, where only a small part of the premises was taken, the court divided evenly, four justices denying the mortgagee the award on the ground his security had not been impaired by the taking, and four holding him entitled to the award on the ground a mortgagee is entitled to all the secu-

rity covered by his mortgage and the court cannot release part of it on appraisal.

So, this court has held the mortgagee entitled to participate in the award but the extent and conditions of the participation on taking of part of the premises have not been settled. Nor is it necessary here to discuss the matter generally. Under any circumstances, a mortgagee has sufficient right to the award to preserve his security against evident or established impairment.

The underlying theory of the right of a mortgagee to part or all of the award is that, as the parties are powerless to prevent the taking of the property by the public and the mortgagee loses his lien upon the part taken, the award equitably stands in the place of the land taken; and, as the mortgage does not cover the award in law, it is held to operate as an equitable lien thereon. This results in two separate incumbrances, the legal mortgage lien on the remainder of the land and the equitable mortgage lien on the award.

The logical and equitable application of the theory is that foreclosure of the mortgage does not extinguish the equitable lien but that it continues through foreclosure to charge the award with the deficiency. 20 C. J. p. 857. As was said in *Utter v. Richmond,* 112 N. Y. 610 (20 N. E. 554):

"The mortgagee had a double security for his deficiency, consisting on the one hand of the mortgage lien upon the damages to be awarded, and on the other, of the personal responsibility of the mortgagor."

This is no more than common justice to the mortgagee, who is entitled to the benefit of all the security he contracts for, and no more than common

honesty by the mortgagor, who pledged the security and ought not to deprive the mortgagee of any part of it to his sole benefit until his obligation is paid.

The order striking appellant's name from the award is reversed and the name reinstated therein with right of appellant to participate in the award to the amount of its deficiency on foreclosure. Appellant will have costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.