[No. 35437. Department Two. January 26, 1961.]

THE STATE OF WASHINGTON, *Petitioner*, v. HARRY P. HEM-
MINGSON *et al., Respondents*, SEATTLE-FIRST
NATIONAL BANK, *Appellant.*[1]

. [1]Reported in 359 P. (2d) 154.

· *Howe, Davis, Riese & Jones* by *Lisle R. Guernsey,* for appellant.

*Lionel E. Wolff,* for respondent Matthews.

HILL, J.—An award of twenty thousand dollars, in a condemnation proceeding for the acquisition of access rights from a certain tract, was distributed by the superior court; and that distribution is challenged by the Seattle-First National Bank under the claim that it does not provide for a proper and lawful distribution of the compensation paid. The bank was the holder of a mortgage covering a portion of the tract, hereinafter called parcel X.

The tract, for which the loss-of-access award was made, was located at the intersection of primary state highway No. 7 and primary state highway No. 18. It was made up of two parcels which we shall designate X and Y. Both parcels were owned by G. W. Murphy and his wife, which accounts for there being but one award. Parcel X was a relatively small triangular tract right at the intersection, having a frontage of one hundred and seventy feet on each highway, and was improved with a service station. On January 5, 1955, this parcel had been mortgaged to the Seattle-First National Bank to secure a loan of $15,000. At the time of condemnation of access rights, the mortgage had been paid down to $8,489.36 and was not in default. This parcel, with access rights on the two highways, was valued by all of the appraisers who testified in the condemnation proceedings at an amount in excess of $17,000. They fixed a value, after the loss of access rights, at from $9,250 to $14,400; the reduction in value was substantial. All access rights to this parcel were taken, and its continued use as a service-station site depended upon the ability to have access through parcel Y.

Parcel Y was a relatively large tract lying easterly of tract X and with a much greater frontage on both highways. It was used as a trailer park. On the same day that parcel

X was mortgaged to Seattle-First National Bank to secure a loan of $15,000, parcel Y was mortgaged to the Washington Trust Bank of Spokane to secure a loan for a like amount. This mortgage was subsequently assigned to Ethel Jeanne Matthews. A foreclosure action was commenced on this mortgage and a judgment in the amount of $21,185.08 entered against the Murphys; but there has been no sale of the mortgaged property.

The judgment, of course, was a lien not only on parcel Y, covered by the mortgage, but on all of the property of the Murphys; $5,000 from a condemnation award on other property owned by the Murphys was applied on this judgment. The claim filed by Mrs. Matthews against the $20,000 award was, therefore, $16,185.08. Parcel Y, with all access rights to the two highways, was valued, at the time of the condemnation, at from $42,605 to $34,250 by the experts who testified in the condemnation proceedings. After the condemnation of all access rights, except at one place on each road, the same experts placed the value at from $41,425 to $32,750; the reduction in value was relatively slight.

It is apparent that as long as parcels X and Y are in the same ownership and parcel X has access to the highways through parcel Y, it continues to have at least some value as a service-station location. If, however, Seattle-First National Bank was compelled to foreclose its mortgage, it would acquire a triangle with no access to either highway. (We are not here concerned with what rights of access, if any, parcel X might have through parcel Y, as a dominant tenement by operation of law; that is another law suit.)

There can be no question that, so far as any award for the loss of access to parcel X is concerned, the Seattle-First National Bank has a lien to protect its interests prior to that of any other claimant; and Mrs. Matthews has a like priority, as the successor of Washington Trust Bank, relative to any award for the loss of access to parcel Y. It is imperative that a segregation be made of the award of twenty thousand dollars for both parcels X and Y, if justice

is to be done; and the trial court erred in failing to make such a segregation.

■ We shall make no effort at clarification of the extent of the interest of the Seattle-First National Bank in such portion of the award as may be allocated to parcel X in such segregation, except to point out that it has long been recognized that a condemnation award stands in place of the property taken. *Pierce County v. King* (1955), 47 Wn. (2d) 328, 287 P. (2d) 316; *North Coast R. Co. v. Hess* (1909), 56 Wash. 335, 105 Pac. 853.

The amount of the award allocated, for the taking of all access rights to parcel X, is subject to an equitable lien by Seattle-First National. As said in *In re Dillman* (1936), 276 Mich. 252, 258, 267 N. W. 623,

"The underlying theory of the right of a mortgagee to part or all of the award is that, as the parties are powerless to prevent the taking of the property by the public and the mortgagee loses his lien upon the part taken, the award equitably stands in the place of the land taken; and, as the mortgage does not cover the award in law, it is held to operate as an equitable lien thereon. This results in two separate incumbrances, the legal mortgage lien on the remainder of the land and the equitable mortgage lien on the award."

To the same effect is *Chicago v. Salinger* (1943), 384 Ill. 515, 52 N. E. (2d) 184, 154 A. L. R. 1104; *Boutelle v. Minneapolis* (1894), 59 Minn. 493, 61 N. W. 554; *In re City of Rochester* (1892), 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161.

■ The problems of apportionment of such an award are many and varied, where the award is not immediately applied to the payment or reduction of the mortgage debt. (See 1 Orgel on Valuation Under Eminent Domain, chapter X, and particularly §§ 115 and 116; also Annotation in 154 A. L. R. 1110, supplementing Annotations in 110 A. L. R. 542 and 58 A. L. R. 1534.)

These problems are properly for the consideration of the trial court in determining how to protect the interests of Seattle-First National, after it has determined the amount of the award allocated to tract X for its loss of access rights.

■ We turn to a consideration of the amount of the claim for which the Seattle-First National has a lien on that portion of the twenty-thousand-dollar award allocated to parcel X. The trial court reduced the amount from $8,489.36 to $829.36, apparently on the basis of an affidavit by the attorney for the respondents Murphy that they had a valid claim and set-off against the Seattle-First National in the sum of $7,660. The character of such set-off is no-where indicated; it is clear that Seattle-First National has never had its day in court on the issue of what set-offs, if any, the Murphys may have against it.

The trial court is directed to try the issue of the claimed set-off by the respondents Murphy against Seattle-First National. The latter shall then be accorded a lien on the portion of the award segregated to tract X in an amount sufficient to adequately protect its interests under the mort-gage, less any set-offs which the Murphys may establish.

■ The contention that the respondent Lloyd Cunning-ham has any interest in the portion of the award allocated to parcel X, prior to that of the Seattle-First National, is without merit. His claim is based on an attorney's lien filed July 29, 1959, for services rendered by him to the Murphys. The attorney's lien is more than four years subsequent to the mortgage of the Seattle-First National. See *Humptulips Driving Co. v. Cross* (1911), 65 Wash. 636, 118 Pac. 827; RCW 60.40.010.

From the foregoing it follows:

1. The order of distribution of the award here in question must be set aside and the money returned to the registry of the superior court. That court will issue its order directing the repayment of the money into the registry of the court. *North Coast R. Co. v. Hess, supra; State v. Calkins* (1959), 54 Wn. (2d) 521, 342 P. (2d) 620.

2. The superior court shall segregate the twenty-thousand-dollar award between parcels X and Y on the basis of the damage sustained by each through the loss of its rights of access. If the superior court feels that the evidence taken in the condemnation proceeding is not sufficient for

it to make such a determination, all interested parties should be given an opportunity to present further evidence on that issue.

3. The set-offs, if any, of the Murphys against their debt to Seattle-First National, secured by the mortgage on parcel X, shall be determined after a trial on the merits.

4. The prior interest of Seattle-First National, as mortgagee of parcel X in the portion of the award allocated to parcel X, shall be adequately protected in the disposition made of that portion of the award.

It is so ordered.

FINLEY, C. J., WEAVER, and ROSELLINI, JJ., concur.

FOSTER, J., did not participate in the decision.

