32984. FLOURNOY et al. v. OLSHAN et al.

MARSHALL, Justice.

The Department of Transportation brought a proceeding in rem in Muscogee Superior Court to condemn a tract of land of approximately 64 acres. An order was entered decreeing title to the property in the condemnor, and the estimated compensation was deposited in the registry of the court. The condemnor appealed from a judgment in the case which, inter alia, ordered separate appraisals, separate deposits of estimated compensation for each parcel, and separate trials as to each parcel. This court reversed those provisions of the judgment. *Dept. of Transportation v. Olshan,* 237 Ga. 213 (227 SE2d 349) (1976). The present appeal is from a judgment apportioning the proceeds of the condemnation award among the condemnees, who are holders of first-lien and second-lien security deeds on the various parcels contained within the boundaries of the 64-acre tract. *Held:*

The appellants assert in their notice of appeal that jurisdiction is in this court for the reason that the case involves the condemnation of realty and title to land. "This court has repeatedly held that where title to land has been decreed in the condemnor, incidental questions determining the rights of parties to receive the award of condemnation money, not directly involving the title to land, do not give this court jurisdiction of a condemnation

case. See *Wilson v. State Hwy. Dept.,* 208 Ga. 510 (67 SE2d 578) [1951]; *Boswell v. Underwood,* 217 Ga. 675 (124 SE2d 394) [1962]; *Grant v. Oakey,* 218 Ga. 723 (130 SE2d 490) [1963]; *Howard v. Pate,* 218 Ga. 741 (130 SE2d 752) [1963]; *Richardson v. Anderson,* 219 Ga. 264 (133 SE2d 16) [1963]; *State Hwy. Dept. v. Holleman,* 220 Ga. 72 (137 SE2d 39) [1964]. The jurisdiction of the present case is in the Court of Appeals, and not this court." *DeKalb County v. Jackson-Atlantic Co.,* 226 Ga. 664 (177 SE2d 90) (1970).

*Transferred to the Court of Appeals. All the Justices concur, except Jordan, Hall and Bowles, JJ., who dissent.*

ARGUED NOVEMBER 17, 1977 — DECIDED JANUARY 24, 1978.

*Ron S. Iddins,* for appellants.

*Champion & Champion, Forrest L. Champion,* for appellees.