70263. VENTURE CAPITAL PROPERTIES, INC. et al.
v. DeKALB COUNTY.
(334 SE2d 218)

DEEN, Presiding Judge.

Venture Capital Properties, Inc. (Venture), owner and lessor, and Napoli Pizzeria (Napoli), lessee, appeal from a judgment awarding the former $53,000 and the latter $5,500 as just and adequate compensation for the taking by appellee DeKalb County of the greater portion of the front footage of commercial property owned by Venture and leased in part by Napoli. Enumerated as error are the trial court's denial of appellants' motion for new trial; the court's instructing the jury that the entire property loss must first be determined and then apportioned between the condemnees; and the denial of appellants' motion *in limine* that counsel for condemnor not be permitted to argue future benefits to the condemned property as bearing on the amount of compensation to be awarded. *Held*:

1. The record before this court contains no transcript of counsels' closing arguments. Appellants' third enumeration of error therefore presents nothing for the court to review.

2. Examination of the trial transcript indicates that the challenged jury instruction correctly sets forth current, applicable Georgia law. *Dept. of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976); *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (292 SE2d 435) (1982). This enumeration, too, is without merit.

3. Scrutiny of the entire record, including the trial transcript, indicates that there was sufficient competent evidence to authorize reasonable jurors to determine that the sums awarded to condemnees were within the range of the evidence and represented just and adequate compensation in the fact situation of the instant case. The appellate court determines only the sufficiency of the evidence, not its weight. *Hudgins v. Bacon*, 171 Ga. App. 856, 863 (321 SE2d 359) (1984). Moreover, we find no error of law in the proceedings below. The trial court was correct in denying the motion for new trial.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*J. Corbett Peek, Jr.*, for appellants.

*George P. Dillard, Richard W. Calhoun,* for appellee.