30921. DEPARTMENT OF TRANSPORTATION v. OLSHAN et al.

GUNTER, Justice.

This is an eminent domain case instituted under the

Georgia Code of Public Transportation, Code Ann. Ch. 95A-6, enacted in 1973.

The Department of Transportation filed an in rem action in Muscogee Superior Court against a tract of land of approximately 64 acres. The complaint alleged that sixteen parties, giving their names and addresses, were "owners" of the tract of land. The department also filed a declaration of taking and deposited the sum of $206,530 as estimated just and adequate compensation with the court "for the use of the persons entitled hereto." On the same date that the estimated compensation was deposited with the clerk, the trial judge entered a judgment vesting title in the tract of land in the condemnor. The judgment also ordered that the person in possession of the tract of land, "as well as the named condemnees," show cause before the court on December 2, 1975, why possession of the tract of land should not be surrendered to the condemnor not later than sixty days from the filing of the declaration of taking.

Five parties named as "owners" in the complaint filed, on December 1, 1975, appeals to a jury pursuant to Code Ann. § 95A-610, and they also filed motions and other pleadings. The motions and pleadings sought to vacate the declaration of taking, enjoin the condemnation proceedings, and require the condemnor to sever the tract of land into several parcels and proceed anew with several condemnation actions against each severed parcel.

On December 3, 1975, the trial judge entered an order temporarily restraining the condemnor from proceeding with the action until further order of the court and ordering the condemnor to show cause on December 18, 1975, why the condemnation action should not be enjoined, why the declaration of taking should not be vacated, and why the condemnor should not be required to proceed with several separate actions applicable respectively to the several parcels contained within the one tract of land sought to be condemned in the one action.

After a hearing the trial judge, on January 6, 1976, entered a judgment which: dissolved the temporary restraining order previously entered, granted immediate possession of the 64 acre tract to the condemnor, and denied the condemnees' application to vacate the

declaration of taking.

This judgment also contained two other provisions which are the reason for the appeal by the condemnor in this case. Those two provisions are: "D. That Department of Transportation is hereby ordered and directed to segregate the parcels of land, by owners of said parcels, which form the composite tract of land described in its petition and to appraise each of said parcels separately and distinctly and to allocate the sum of money which represents its estimated just and adequate compensation for the taking of each parcel as described in the above findings of fact and to pay said sum or sums of money into this court on or before February 17, 1976; and,

"E. That separate trials be held in this court to determine just and adequate compensation for the taking of each parcel of land described above in the findings of fact."

These latter two provisions of the trial judge's order were superseded pending this appeal.

The condemnor contends here that the trial judge was without authority to order separate appraisals in this in rem action, was without authority to order estimated compensation paid into the registry of the court on the basis of each separate parcel, and was without authority in this in rem action to order separate trials with respect to each individual parcel contained within the boundaries of the 64 acre tract.

This record and the trial judge's findings of fact show that Martin L. Olshan bases his ownership rights in the 64 acre tract on a warranty deed to him duly recorded. The ownership rights of the other condemnees involved in this appeal are based on deeds to secure debt. The first-lien security deeds to them as grantees are not to the entire 64 acre tract, but they respectively hold security deeds on various parcels contained within the boundaries of the entire 64 acre tract.

The issue here, therefore, is whether the "owners" whose ownership rights are based on security deeds to a portion of an entire tract of land that is being condemned are entitled to separate appraisals and separate trials as to the respective parcels in which they claim ownership rights.

Code Ann. § 95A-603 provides that an authorized

condemning body in order to acquire land for an authorized purpose "may file a proceeding in rem in the superior court of the county having jurisdiction, condemning the same to the use of the petitioner upon payment of just and adequate compensation therefor *to the person or persons entitled to such payment.*" (Emphasis supplied.)

Code Ann. § 95A-604 provides that the petition shall show the right to condemn, describe the property or interests therein to be taken, and the names and residences "of the persons whose property *or rights* are to be taken or otherwise affected. . ." (Emphasis supplied.)

Code Ann. § 95A-610 provides that the owner, owners, "or any person having a claim against or interest in said property" shall have a right to file with the court a notice of appeal.

Code Ann. § 95A-613 provides that any person claiming an interest or any rights in the property being acquired may intervene in the condemnation action at any time before a verdict.

Code Ann. § 95A-608 provides that upon the application of parties having an interest in funds deposited in the registry of the court, the court shall order the money so deposited, or any part thereof applied for, paid to the parties being found to be entitled thereto.

In the judgment appealed from, as contained in the conclusions of law, the trial judge said: "The Court concludes that the only common denominator among the various parcels of land is that the owner of the equity of redemption of each parcel is Condemnee, Morton L. Olshan."

As we read these statutory provisions enacted by the General Assembly in 1973, we conclude that the legislature intended to permit the condemnor to condemn a tract of land in one in rem action where there is a "common denominator," to use the words of the trial judge, such as there is in this case. We conclude that the word "owners" as used in this statutory scheme means all parties having an interest in the subject land, whether their claims be based on a warranty deed, security deed, filed lis pendens notice, or other statutory lien. And if the ownership rights of any one of such claimants attaches to

one tract of land in its entirety, regardless of the extent of the claims of the other "owners," the tract of land can be condemned in a single in rem action.

It is the responsibility of all such claimants, in their own self-interest, to cooperate together in seeing that just and adequate compensation for the entire tract is properly determined and deposited into the registry of the court. After that has been accomplished, their competing claims between and among themselves to the total funds deposited must be determined either by agreement, or by the trial judge after a proper hearing, or by a jury if the trial judge allows a jury trial of the issues raised by competing claimants.

To sum up: The condemnor in this case was authorized to file and proceed to a conclusion with one in rem action; and the trial judge was without authority to order separate appraisals, separate deposits of estimated compensation for each parcel, and separate trials as to each parcel.

The last two paragraphs (D and E) of the judgment entered in this case on January 6, 1976, are reversed.

*Judgment reversed in part. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED MARCH 9, 1976 — DECIDED JULY 9, 1976.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr., Kelly, Champion, Denny & Pease, Forrest L. Champion, Jr.,* for appellees.

UNDERCOFLER, Presiding Justice, dissenting.

The property being condemned is subject to five separate security deeds on five separate portions. There is one overall appraisal and one deposit for prepayment purposes. But the five security deed holders must litigate among themselves to apportion the deposit before they can exercise their prepayment rights. To them the prepayment rights are meaningless. This is not the intent of the statute requiring prepayment deposits nor the

constitutional provision under which it was adopted. To give them meaning the state must make separate appraisals under the circumstances here. However, I see no reason why the appeals to the superior court on the inadequacy of compensation can not be tried together although there may be separate consequential damages and the issues quite complex. See State v. Hemmingson, 57 Wash. 2d 635 (359 P2d 154) (1961); *Cook v. State Hwy. Bd.,* 162 Ga. 84, 101 (7) (132 SE 902) (1926); *Kennedy v. State Hwy. Dept.,* 108 Ga. App. 1 (132 SE2d 135) (1963).

I am authorized to state that Chief Justice Nichols concurs in this dissent.