### 63332. DEPARTMENT OF TRANSPORTATION v. McLAUGHLIN et al.

QUILLIAN, Chief Judge.

The Department of Transportation (DOT) brings this appeal from verdict and judgment for Nell Adams McLaughlin, Spartan Investment Corporation and Adams-Cates Company. On December 4, 1979 DOT filed this condemnation action against a parcel of property owned by McLaughlin, leased through her broker Adams-Cates to Spartan as lessee. The taking was for the purpose of widening the existing right-of-way of Interstate 75-85 in downtown Atlanta. This was a "total take" and the condemnees lost the land, a building thereon, and a fast-food restaurant business which was one of a chain known as Hardee's. The lease did not expire for another 14 years.

DOT determined the total value to be $204,800 and deposited that sum in the registry of the court. The court permitted the fund to be dispersed by authorizing McLaughlin to withdraw $141,700, Spartan $57,800, and Adams-Cates received $5,300. All condemnees appealed for a jury trial but Spartan subsequently dismissed and accepted $57,800. The remaining condemnees' appeal was tried before a jury which awarded McLaughlin $247,000 and Adams-Cates

the sum of $3,500. DOT brings this appeal. *Held:*

1. It is alleged the trial court erred in directing the jury to return a verdict setting out separate sums to be awarded to the condemnees McLaughlin and Adams-Cates. It was DOT's contention that "the sole issue to be determined by the jury was the total amount of just and adequate compensation for the entire property taken."

DOT's petition was a proceeding in rem against the entire parcel — and McLaughlin, Spartan and Adams-Cates as "owners." A "lessee" is an owner of a property interest in a condemned parcel. 10 EGL 286, Eminent Domain, § 71. Just prior to trial DOT filed a motion in limine "for an order that the sole issue to be determined by the jury in this case shall be as to the amount of just and adequate compensation for the total property." It was argued that "[a]fter this verdict is returned, it will then be up to the judge to mold the verdict in such a way as to do complete justice and to avoid confusion of interests." DOT's counsel asserts that "the property taken in this case represents all of the interests in this lot . . . so we argue that there is one interest that is to be evaluated." It was DOT's position at trial that "[c]ompeting claims between claimants . . . are to be determined by agreement or by the judge after a proper hearing or jury trial . . . the jury is going to be asked to determine the value of this parcel of property and it will be up to you, Your Honor, after a verdict has come in to determine how that is to be proportioned." The trial court ruled that it would "let the jury determine how much Ms. McLaughlin is entitled to and how much Adams-Cates is entitled to and there will be a place for the jury to determine each figure . . ."

The procedure which DOT articulates has been titled the "undivided fee rule" by Nichols. 4 Nichols on Eminent Domain 789-792, § 12.42 (2). It is not without its critics. 4 Nichols on Eminent Domain 820, § 12.42 (3). Procedural issues on how to arrive at just and adequate compensation for separate interests of condemned property has been the subject of much controversy. See generally 4 Nichols on Eminent Domain 764-820. Absent statutory guidance, different states have adopted differing methodology. The United States Supreme Court, when confronted with this issue held: "But the Constitution does not require a disregard of the mode of ownership, — of the state of the title. It does not require a parcel of land to be valued as an unencumbered whole when it is not held as an unencumbered whole. It merely requires that an owner of property taken should be paid for what is taken from him. And the question is, What has the owner lost? Not, what has the taker gained? We regard it as entirely plain that the petitioners were not entitled, as a matter of law, to have the damages estimated as if the land was the sole property of one owner . . ." Boston Chamber of Commerce v. City of Boston, 217 U. S.

189, 195 (30 SC 459, 54 LE 725). The key phrase — what has the owner lost, provides the solution. We are not primarily concerned with what a taker has gained. The taker has gained the whole parcel. The law is concerned principally with what each owner has lost and that each be justly and adequately compensated for the taking of his partial interest. Thus, although there is no Georgia statute prescribing the procedure to be followed in arriving at a jury verdict to compensate partial interests in the whole, our Supreme Court has held that the condemnor is entitled to bring only one action against all claimants. *Dept. of Transp. v. Olshan,* 237 Ga. 213, 216 (227 SE2d 349). "Code Ann. § 95A-610 provides that the owner, owners, 'or any person having a claim against or interest in said property' shall have a right to file with the court a notice of appeal. Code Ann. § 95A-613 provides that any person claiming an interest or any rights in the property being acquired may intervene in the condemnation action at any time before a verdict." Id. Accordingly, decisional and statutory guides provide for all claimants to one piece of condemned property to be joined in one action for resolution of all issues by the trial. Further, it is for the jury to determine what is the amount of just and adequate compensation due to all condemnees. *DeKalb County v. Trustees, Decatur &c. Elks,* 242 Ga. 707 (251 SE2d 243).

The general rule followed by most jurisdictions is to require only one condemnation action, join all parties whose presence is necessary to condemn all interests, and to instruct the jury first to determine the value of the whole, and then secondarily determine the amounts to be awarded to the separate interests. See Annot. 94 ALR3d 696, 698-700, §§ 2 (a), 3; 27 AmJur2d 16, Eminent Domain, § 247; Polasky, The Condemnation of Leasehold Interests, 48 Va. LR 477.

Our Supreme Court has authorized such a procedure. In *Olshan,* supra, the court held: "It is the responsibility of all such claimants in their own self-interest, to cooperate together in seeing that just and adequate compensation for the entire tract is properly determined and deposited into the registry of the court. After that has been accomplished, *their competing claims* between and among themselves to the total funds deposited *must be determined either by agreement,* or *by the trial judge* after a proper hearing, *or by a jury if the trial judge allows a jury trial* of the issues raised by competing claimants." 237 Ga. at 217. (Emphasis supplied.) Here, we had competing claims and testimony of different experts and a non-expert as to the value of each interest. Those opinions did not agree with each other. Determination of value and just and adequate compensation for each claimant was for the jury — not the judge. *DeKalb County v. Trustees, Decatur &c. Elks,* 242 Ga. 707, supra. There is no constitutional, statutory, or decisional authority for the

procedure urged upon the trial court by DOT. The trial judge properly authorized the jury to decide the issues of compensation. *Dept. of Transp. v. Olshan,* 237 Ga. 213, supra.

2. In its second enumeration of error DOT argues that the trial court erred in directing the jury to return a verdict awarding a separate sum to each of the two claimants rather than directing the jury "to return a single verdict for the total value of the property taken and then molding the verdict to apportion it among the respective interests." This argument merely restates the first enumerated error in a different manner. DOT's position at trial was that the jury should reach one figure for the total amount due and then the judge was to determine how much each claimant received. Such a procedure is impossible where the witnesses give different answers as to the value of the different interests and arrive at a lump sum which is then to be divided among the various claimants by the judge when "molding" the judgment. The result we reach here is controlled by our decision in the first division and *Dept. of Transp. v. Great Southern Enterprises,* 137 Ga. App. 710 (225 SE2d 80) does not compel a different result. In *Great Southern* there were four separate interests involved and three accepted the amount set forth in the declaration of taking and by subtracting those amounts from the total jury award Great Southern's compensation could be determined. Here, we had three claimants. One accepted the sum set in the declaration of taking and there were two claimants left. Although the judge could have determined how much was due to McLaughlin from a lump sum jury award by deducting the amount awarded Spartan there was no way he could have determined Adams-Cates' compensation — even though that sum had to be subtracted from the amount due McLaughlin. The only method available was to permit the jury to find the amount due both parties and the trial court could not accomplish this by "molding" his judgment as there was no way he could determine how much the jury awarded McLaughlin's agent — Adams-Cates, as its lost commission. This enumeration is also without merit.

3. Ms. McLaughlin, the owner of the fee, was permitted to testify as a non-expert witness as to her opinion of the value of the property taken. DOT objected at trial that the "testimony lacked any proper foundation . . . as McLaughlin was not qualified as an expert witness, possessed no general knowledge of land values around the subject property and had no opportunity or basis for forming a correct opinion as to value."

The trial court emphasized that Ms. McLaughlin was a non-expert witness. An owner need not be an expert to testify as to her opinion as to the value of her property "if [she] has had an

5

opportunity for forming a correct opinion." Code Ann. § 38-1709 (Code § 38-1709). Further, since the issue was to be decided by the jury "any witness may swear to his opinion or belief, giving his reasons therefor . . ." Code Ann. § 38-1708 (Code § 38-1708). The witness here stated the basis for her opinion and demonstrated to the satisfaction of the trial court that she had the opportunity for forming a correct opinion. See *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (1) (199 SE2d 96). The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387); *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824, 826 (140 SE2d 150); *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123 (4) (173 SE2d 120); *Dickens v. Adams,* 137 Ga. App. 564 (5) (224 SE2d 468). We have found no abuse of discretion by the trial judge.

4. The last two allegations of error complain that the verdict "exceeded the highest value testified to by any witness" and is grossly excessive. We agree that the verdict exceeded the highest value testified to by any witness and reverse. The jury verdict of $247,000 to the plaintiff owner-lessor cannot be reached by the estimates of any of the expert witnesses. Unless it is supported by the testimony of the owner — McLaughlin, it is not within the range of the evidence. Although the condemnor has the burden of proof to show the value of the property taken and any consequential damages (*Ga. Power Co. v. Brooks,* 207 Ga. 406, 411 (62 SE2d 183); *Ga. Power Co. v. Smith,* 94 Ga. App. 166 (1) (94 SE2d 48)) "the question of damages cannot be left to speculation, conjecture and guesswork. [Cit.] Where a party seeks additional damages he has the burden of proof of showing the amount of loss in a manner from which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty." *Dept. of Transp. v. Bird,* 158 Ga. App. 369, 370 (280 SE2d 394).

The trial court properly instructed the jury that the measure of the value of the owner's interest is the sum of the present value of the right to receive rent over the period of the lease, less the real estate commission which would have been due to the realtor. This court has stated the rule as: ". . . the owner is entitled to have awarded to him the present value of the right to receive rents over the period of the lease, together with whatever the value of the reversion may be." *City of Atlanta v. McLucas,* 125 Ga. App. 349 (1) (187 SE2d 560); accord, 7A Nichols on Eminent Domain 11-5, § 11.02. However, both the amount representing the rental to be received over the period of the lease and the amount representing the reversionary value of the land at the end of the lease period must be reduced to their present value.

7A Nichols on Eminent Domain 11-6, § 11.03. Although it is arguable that the testimony of McLaughlin provided sufficient data from which the jury could compute the reversionary value of the land — there is a total absence of data from which the jury could find the present value.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 16, 1982—
REHEARINGS DENIED JULY 9, 1982 — 

*Conley Ingram, Charles S. Johnson III,* for appellant.
*A. Guy Smith, Harry L. Cashin, George B. Haley,* for appellees.