A91A0204, A91A0205. DEPARTMENT OF TRANSPORTATION v. FRANCO'S PIZZA & DELICATESSEN, INC. (two cases).

(409 SE2d 281)

Pope, Judge.

This is the fourth appearance of this case before this court. The condemnor/appellant the Department of Transportation (DOT) filed separate appeals from the judgment entered by the trial court on the jury verdict and from an order awarding attorney fees to the condemnee/appellee Franco's Pizza & Delicatessen, Inc. (Franco's). The cases have been consolidated for appellate review.

On December 18, 1980, DOT condemned Franco's leasehold interest in property located at the corner of I-85 and Peachtree Road in Atlanta, Georgia. The pretrial history of this case is recited sufficiently in the two opinions issued by this court from the parties' interlocutory appeals in this case and will not be restated here. See *Franco's Pizza & Delicatessen v. Dept. of Transp.*, 178 Ga. App. 331 (343 SE2d 123) (1986); *Department of Transp. v. Franco's Pizza & Delicatessen*, 164 Ga. App. 497 (297 SE2d 72) (1982). A jury trial was held in this case commencing on December 15, 1986. The jury determined that the amount of compensation due to Franco's by DOT was $511,400. The trial court entered judgment based on the verdict on December 29, 1986.

DOT filed a motion for new trial and subsequently amended that motion twice. That motion, as amended, was denied on April 10, 1989.

DOT appealed from the trial court's order denying its motion for new trial and Franco's cross-appealed from certain orders of the trial court. While DOT's motion for new trial was pending before the trial court, DOT wrote a letter to the trial court judge in which it objected to the trial court's entry of judgment on the basis that the judgment was premature pursuant to OCGA § 32-3-19 (b) until appellate review was concluded in this case. On February 27, 1987, the trial court issued an order vacating the judgment.

On November 29, 1988, this court issued its opinion in *Department of Transp. v. Petkas*, 189 Ga. App. 633 (377 SE2d 166) (1988), in which this court rejected DOT's position as advanced to the trial court in this case concerning entry of judgment pursuant to OCGA § 32-3-19 (b). This court further found in that case that until the original judgment was reinstated there was "no actual judgment in the case upon which DOT could predicate either its motion for new trial or its appeal from the denial thereof." Id. at 636 (2). DOT was represented by the same counsel in the *Petkas* case as in this case. After the Supreme Court of Georgia denied certiorari in the *Petkas* case, DOT alleges that it again wrote to the trial judge and informed him of that decision and copied opposing counsel on that letter. The trial judge denies receipt of that letter. Neither party moved the trial court to reinstate the original judgment in this case, nor did the trial court reinstate that judgment on its own motion.

After this court issued the *Petkas* decision and the trial court denied DOT's motion for new trial, DOT filed a notice of appeal to this court on May 10, 1989. Because this court found that the parties had notice of the *Petkas* decision, yet failed to follow the binding precedent established in that case, this court dismissed the pending appeals with direction that the original judgment be reinstated in accordance with *Petkas. Department of Transp. v. Franco's Pizza & Delicatessen*, 194 Ga. App. 437 (390 SE2d 655) (1990). On remand, the trial court conducted a hearing on how the trial court should comply with this court's dictates on remand and why attorney fees should not be assessed against DOT. The trial court reinstated the judgment on June 7, 1990. By order dated July 3, 1990, the trial court found that the last appeal to this court in this case was frivolous based on the *Petkas* decision and awarded attorney fees in the amount of $19,430 to Franco's for "attorney's time and effort spent in reviewing their record and preparing an appeal, filing a brief and argument of same before the Court of Appeals."

*Case No. A91A0204*

1. In DOT's first enumeration of error, it alleges as error the trial court's grant of Franco's motion in limine to preclude DOT from

showing the value of the whole take. As we noted in *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 2 (1) (292 SE2d 435) (1982), "how to arrive at just and adequate compensation for separate interests of condemned property has been the subject of much controversy." The general procedure that was authorized by the Georgia Supreme Court in *Department of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976) is that the condemnor should file one in rem condemnation action, join all parties whose presence is necessary to condemn all interests, and to instruct the jury first to determine the value of the whole, and then determine the amounts to be awarded to the separate interests. In this case, however, there is only one party who wishes to have the value of its interest in the property determined by a jury. As the United States Supreme Court recognized in *Boston Chamber of Commerce v. City of Boston*, 217 U. S. 189, 195 (30 SC 459, 54 LE 725) (1910), in a condemnation action, the pertinent question of value to be addressed is what has the owner of the property interest lost, not what the taker has gained. If evidence about the value of the whole is introduced in a condemnation action, even when there are no competing property interests to be valued by the jury, the focus of the jury might shift to what the condemnor gained rather than what the property interest owner lost. DOT has not shown this court how testimony concerning the value of the whole would tend to either prove or disprove the value of the property interest in question. DOT simply argues that prohibiting it from showing the value of the whole denied it the opportunity to show the context of the opinions rendered by its appraisers. A review of the record, however, reveals that DOT's appraisers presented testimony about how they valued Franco's leasehold interest and why they determined that leasehold interest had no value. Under these circumstances, we do not find that DOT's inability to present the value of the whole deprived DOT of its rights under OCGA § 32-3-16 as it contends.[1] We find this enumeration of error to be without merit.

2. DOT contends that the trial court erred in denying its motion in limine to prohibit all witnesses from using the word "unique" in their testimony. Whether the condemned property had some "uniqueness" for Franco's business was a legal conclusion to be reached by the jury. See *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (309 SE2d 816) (1983). An " 'expert may aid the jury, but he can not act as a member of the jury; nor, while on the stand, can he

---

[1] This holding is not inconsistent with our prior decision in *Department of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710 (225 SE2d 80) (1976). In that case, Great Southern consented to the amount due to the remaining condemnees and urged upon the court a procedure that would not permit the amount of compensation due to the remaining condemnees be relitigated at trial.

transcend the functions of a witness and, under the guise of giving testimony, state a legal conclusion.' *Travelers Ins. Co. v. Thornton,* 119 Ga. 455, 456 (46 SE 678) [(1904)]." *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 707 (2) (266 SE2d 345) (1980). Accordingly, the trial court properly should have prohibited witnesses from testifying as to whether the property was "unique" in this case. See *Hawkins v. Hodges,* 213 Ga. 837, 841 (2) (102 SE2d 16) (1958).

We do not find that the trial court's ruling on DOT's motion in limine constitutes harmful error in this case, however. The trial court instructed the jury that the determination of whether the property was unique was a question solely for their determination. The jury was further instructed that they were not bound to accept the opinions of experts and could disregard them entirely if they wished. In light of the trial court's charge to the jury, we find the trial court's ruling on DOT's motion in limine to be harmless error.

3. DOT further charges that it was error for the trial court to allow Franco's counsel to propound certain hypothetical questions which assumed that the Franco's lease did not contain a six-month termination clause. " 'Generally, an expert is not permitted to answer a hypothetical question based on facts not placed in evidence.' *Braswell v. Owen of Ga. [Inc.],* 128 Ga. App. 528 (1) (197 SE2d 463) (1973); OCGA § 24-9-67." *Stoneridge Properties v. Kuper,* 178 Ga. App. 409, 413 (2) (343 SE2d 424) (1986). In this case, however, the trial court instructed the jury before the witness answered the question that "since this property does have [a six-month termination clause], you may entertain the opinion he has of what the value would be without it to test or evaluate the opinion he has given of the property's leasehold value with this type restriction." Because the court issued this corrective instruction to the jury, we find that error to be harmless in this case.

4. We will discuss DOT's enumerations of error 12-26 in Case No. A91A0205 below. We have examined DOT's remaining enumerations of error and find them to be without merit.

*Case No. A91A0205*

5. The 15 enumerations of error alleged by DOT in this case are the same as enumerations 12-26 in Case No. A91A0204.[2] These enumerations of error arise from the trial court's award to Franco's of

---

[2] It appears that DOT was not sure whether the trial court's order assessing attorney fees and expenses of litigation against it was an appealable order. In *Haggard v. Bd. of Regents,* 257 Ga. 524, 527 (4) (a) (360 SE2d 566) (1987), the Supreme Court held that a "judgment awarding attorney's fees and costs of litigation pursuant to OCGA § 9-15-14 may be reviewed on direct appeal, when it is appealed as part of a judgment that is directly appealable."

"reasonable expenses of litigation including attorney's fees and expenses incurred in the prosecution of the defense to appeal in this matter" pursuant to OCGA §§ 32-3-7; 32-3-17.1; and 9-15-14. This case presents the novel question to this court of whether a trial court has authority, pursuant to the above cited Code sections, to require the payment of reasonable and necessary attorney fees and expenses of litigation for proceedings before an appellate court of this state. We find that a trial court does not.

OCGA § 32-3-7 provides that before land shall be deemed condemned, the condemning authority must deposit with the court a sum of money estimated to be just compensation for the property or property rights condemned. That statute further provides that "[n]othing in this Code section shall be construed so as to deprive the owner of the property or interest of due process of law as guaranteed by the Constitutions of Georgia and of the United States." OCGA § 32-3-7 (b). While this statute requires that the condemning authority act within the bounds of due process of law, this statute does not in itself authorize the imposition of attorney fees and expenses of litigation.

The text of OCGA § 32-3-17.1 follows: "All questions of law arising upon the pleadings or in any other way arising from the cause, subsequent to the filing of the declaration of taking and the deposit of the fund, and subsequent to the filing of notice of appeal, if any, shall be passed on by the presiding judge who may, from time to time, make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law. . . ." This statute enables the trial court to hear all questions of law arising in condemnation cases while the trial court has jurisdiction over the case, and cannot authorize the imposition of litigation expenses and attorney fees for proceedings before an appellate court.

OCGA § 9-15-14 provides in pertinent part: "(a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. . . . (b) The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ."

There are several reasons why the trial court's imposition of at-

torney fees and expenses of litigation for proceedings before this court pursuant to OCGA § 9-15-14 were improper. Implicit in the language of OCGA § 9-15-14 is that a court of record of this state may impose reasonable and necessary attorney fees and expenses of litigation for proceedings before *that court,* which were brought for purposes of harassment or delay or lacked substantial justification. To the extent that the award of attorney fees and expenses of litigation were based on the delay in the filing of the transcript with this court, as the trial court's order and the transcript of the hearing in the trial court suggest, OCGA § 5-6-48 (c) provides an appropriate remedy to the trial court to address such abuses. Moreover, the trial court lacked jurisdiction over this case during the occurrence of the conduct giving rise to the assessment of attorney fees and expenses of litigation.

This court may assess damages and/or penalties for frivolous appeals pursuant to OCGA § 5-6-6 and Rule 26 (b) of the Rules of the Court of Appeals of Georgia. Thus, the appellee, in any case in which the appeal is frivolous, has an adequate remedy available to him. If trial courts are also allowed to assess sanctions against parties for frivolous appeals, an anomalous result might occur in a case in which conduct of a party on appeal would not be sanctioned by the appellate court but would be sanctioned by the trial court upon remand. For all these reasons, we hold that OCGA § 9-15-14 does not authorize the imposition of attorney fees and expenses of litigation for proceedings before an appellate court of this state. Accord *Cooter & Gell v. Hartmarx Corp.,* __ U. S. __ (110 SC 2447, 110 LE2d 359) (1990) (holding that Federal Rule of Civil Procedure 11 can only be the basis for sanctions for activities within the context of district court proceedings). Accordingly, the trial court's order awarding expenses of litigation and attorney fees against DOT for a frivolous appeal to this court must be set aside. For this reason, we will not separately address the 15 enumerations of error arising from that order.

*Judgment affirmed in Case No. A91A0204. Judgment reversed in Case No. A91A0205. Birdsong, P. J., and Cooper, J. concur.*

DECIDED JULY 15, 1991 —
RECONSIDERATION DENIED JULY 30, 1991 —

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Weiner, Dwyer, Yancey & Mackin, Beryl H. Weiner, Thomas C. Dempsey, John D. Stone,* for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellee.