A93A0287. FULTON COUNTY v. DANGERFIELD et al.
(433 SE2d 335)

BLACKBURN, Judge.

This is another installment in the appellate course of a condem-

nation case involving land taken for the College Park MARTA station that began with the condemnation petition filed in October 1984. On September 3, 1987, judgments were entered in favor of the condemnees, Herbert and James Dangerfield as the owners, and Jeffrey White as the lessee of the property.

In the trial of the matter, the Dangerfields asserted that the property had extra value as a site for an advertising sign, and the trial court admitted evidence explaining why the property had not been put to such use. The lessee, White, was allowed to adduce evidence of loss of business profits. Those evidentiary rulings constituted the primary issues in the original appeal in this matter, and were upheld by this court. *Fulton County v. Dangerfield*, 195 Ga. App. 208 (393 SE2d 285) (1990). However, the Supreme Court reversed with regard to the admissibility of the above evidence submitted by the Dangerfields. *Fulton County v. Dangerfield*, 260 Ga. 665 (398 SE2d 14) (1990).

When the case was eventually returned to the trial court, White moved to be dismissed on the grounds that the Supreme Court's reversal of the judgment pertained only to the improper admission of evidence relating to the Dangerfields' claim as owners of the property, and that he should be let out of the case with his judgment intact. The trial court granted White's motion, and this court granted Fulton County's application for interlocutory appeal.

"As we noted in *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 2 (1) (292 SE2d 435) (1982), 'how to arrive at just and adequate compensation for separate interests of condemned property has been the subject of much controversy.' The general procedure that was authorized by the Georgia Supreme Court in *Department of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976) is that the condemnor should file one in rem condemnation action, join all parties whose presence is necessary to condemn all interests, and to instruct the jury first to determine the value of the whole, and then determine the amounts to be awarded to the separate interests." *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 725 (1) (409 SE2d 281) (1991). Separate trials with respect to the interests of the fee simple owner and lessees of property in a condemnation proceeding are not allowed. *Dept. of Transp. v. Gordon*, 148 Ga. App. 713 (252 SE2d 211) (1979).

Owners of an interest in property who do not wish to have a jury determine the value of their interest are not joined as parties to an in rem condemnation proceeding. In *Dept. of Transp. v. Franco's Pizza &c.*, supra, involving such a situation, this court limited the issue and evidence adduced at the proceeding to the value of the interest of the lessee who was the only party, and not the value of the whole property.

In the instant case, however, all of the owners of an interest in

300

the condemned property participated in the jury trial. For that reason, the jury's task was to determine first the value of the whole property, and then the proportionate amounts of that whole value to be awarded to the separate interests. *Dept. of Transp. v. Olshan*, supra. Fulton County appealed from the entire judgment entered on the jury's award to both the owners of the fee and the lessee, and contends that it was the entire judgment that was ultimately reversed by the Supreme Court. We agree.

White's basis for seeking dismissal was the fact that both this court and the Supreme Court upheld the trial court's admission of the evidence pertaining to the value of his leasehold interest. From that fact, however, it does not follow that the jury's valuation of his interest in the initial proceeding can be separated from the case upon retrial.

Although it was presented by the owners and not White, the evidence which was improperly admitted in the first proceeding was proffered for the purpose of showing that the property had "extra value" as a potential site for an advertising sign. *Fulton County v. Dangerfield*, supra, 260 Ga. at 665. This evidence thus pertained to the value of the whole property. If the admission of that evidence improperly inflated the valuation of the whole property, it likewise may have resulted in a proportionately inflated value to White's partial interest in the property.

The Supreme Court's decision in this case precludes relitigation of the issue of admissibility of White's evidence concerning loss of profits, but it does not foreclose redetermination of the value of his leasehold interest in the condemned property. On the contrary, the Supreme Court's reversal of the entire judgment in the case requires it. Accordingly, the trial court erred in dismissing White from the action.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 11, 1993 —<br>RECONSIDERATION DENIED JUNE 30, 1993 —

*Robert G. Young*, for appellant.

*Peek & Whaley, James G. Peek, J. Corbett Peek, Jr., Culbreth & Sharony, Abraham A. Sharony*, for appellees.