S93G1536. WHITE et al. v. FULTON COUNTY.
(444 SE2d 734)

SEARS-COLLINS, Justice.

This appeal concerns the condemnation of land for the College Park MARTA station, and is before this court for the second time. In the prior appearance of this case, *Fulton County v. Dangerfield,* 260 Ga. 665 (398 SE2d 14) (1990), Fulton County appealed a jury award to White and the Dangerfields, respectively lessee and owners of the subject property. This court reversed, holding that the trial court had erred in admitting "testimony concerning the subjective intent of the city council in refusing to grant a permit for a sign which violated zoning requirements." Id. at 666. When the case was called for retrial, the trial court granted White's motion to dismiss, finding that all issues as to the value of White's leasehold and the amount of damage incurred by White had been resolved by the jury in the first trial, and that White's judgment was not affected by this court's reversal in *Dangerfield.*

On interlocutory review of that decision, the Court of Appeals reversed the trial court, holding that since both the owner and the lessee participated in the jury trial, "the jury's task was to determine first the value of the whole property, and then the proportionate amounts of that whole value to be awarded to the separate interests." *Fulton County v. Dangerfield,* 209 Ga. App. 298, 300 (433 SE2d 335) (1993). Consequently, held the Court of Appeals, the erroneous admission of evidence relating to the value of the whole property necessarily tainted the jury's valuation of the leasehold. Id. We disagree.

1. "[T]he rule in Georgia is that where there are separate estates to be condemned, each owner is entitled to the full value of his respective interest, even though the aggregate amount thus attained may exceed the value of the property appraised as a unit." 1 Pindar,

Georgia Real Estate Law & Procedure, § 2-44 (4th ed. 1993); see also *Ga. Power Co. v. Brooks*, 207 Ga. 406, 409 (62 SE2d 183) (1950); *Simmerman v. Dept. of Transp.*, 167 Ga. App. 383, 389 (307 SE2d 4) (1983).[1] In other words, the aggregate value of White's leasehold and Dangerfield's ownership interest is not limited to the fair market value of the subject property. This is so because

> "the Constitution does not require . . . a parcel of land to be valued as an unencumbered whole when it is not held as an unencumbered whole. It merely requires that an owner of property taken should be paid for what is taken from him. It deals with persons, not with tracts of land. And the question is what the owner has lost, not what the taker has gained."

Pindar, supra, § 2-44 at n. 4 (quoting *Boston Chamber of Commerce v. City of Boston*, 217 U. S. 189 (30 SC 459, 54 LE 725) (1910)).

In concluding that the value of the interests of the lessor and the lessee are limited by the value of the whole property, the Court of Appeals relied upon this court's decision in *Dept. of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976), and on two Court of Appeals decisions which also relied on *Olshan*: *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (292 SE2d 435) (1982), and *Dept. of Transp. v. Franco's Pizza*, 200 Ga. App. 723 (409 SE2d 281) (1991). We find that *Olshan* does not support that conclusion.

In *Olshan*, the DOT condemned a 64-acre tract of land to which one person, Mr. Olshan, possessed title by warranty deed. The remaining condemnees held deeds to secure debt on various parcels of land located within the boundaries of the 64-acre tract. This court held that just and adequate compensation for the entire tract should be determined in one action, and that Olshan and the owners of the security deeds could then resolve their competing claims to determine how the total should be divided. *Olshan*, 237 Ga. at 217. However, *Olshan* did not involve a leasehold, and should not be applied to a case involving the determination of condemnation proceeds owed to an owner and to a lessee. To the extent cases have relied on *Olshan* to place a cap on the sum of condemnation proceeds payable to an owner and a lessee, such as *McLaughlin* and *Franco's Pizza*, those cases are overruled.

2. While the sum of the value of the owner's interest and the value of the lessee's interest is not restricted to the value of the whole

---

[1] The contrary principle — that the aggregate value of a landlord's ownership interest and a tenant's leasehold cannot exceed the fair market value of the whole condemned property — is referred to as the "undivided fee rule," see 4 Nichols on Eminent Domain, § 12D.04[3], and is adhered to in some jurisdictions.

property, it is generally in the best interest of judicial economy to evaluate those interests in one trial. See generally *Dept. of Transp. v. Gordon*, 148 Ga. App. 713, 714 (252 SE2d 211) (1979) (Birdsong, J., concurring specially). As the owner and the lessee were originally tried together in this case, the interests of judicial economy have been served, and it would not be economical to require that the lessee be subject to retrial if the error found on the first appeal in no way affected his judgment. Therefore, having undermined the foundation for the Court of Appeals' conclusion that White should be retried, we hereby vacate the Court of Appeals' judgment and remand this case to that court to consider whether the error found on the first appeal affected White's judgment, and to enter judgment accordingly.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 21, 1994.

*Peek & Whaley, J. Corbett Peek, James G. Peek,* for appellants.
*Robert G. Young, Abraham A. Sharony,* for appellee.
*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Weiner, Yancey & Dempsey, Beryl H. Weiner, Thomas C. Dempsey,* amici curiae.