A93A0287. WHITE et al. v. FULTON COUNTY.
(450 SE2d 232)

BLACKBURN, Judge.

In *White v. Fulton County*, 264 Ga. 393 (444 SE2d 734) (1994) the Supreme Court vacated this court's decision in *Fulton County v. Dangerfield*, 209 Ga. App. 298 (433 SE2d 335) (1993). In overruling *Dangerfield*, the Supreme Court held that *Dept. of Transp. v. Olshan*, 237 Ga. 213 (227 SE2d 349) (1976) did not require the conclusion we reached. In *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723 (409 SE2d 281) (1991) and *Dept. of Transp. v. McLaughlin*,

163 Ga. App. 1 (292 SE2d 435) (1982), the same issues were presented and resolved by this court as in *Dangerfield*, below. The Supreme Court denied the petitions for certiorari filed in *Franco's Pizza* and *McLaughlin*, declining to rule on the conclusion they now hold was incorrect. The Supreme Court now overrules *Franco's Pizza* and *McLaughlin* and contends that our interpretation of *Olshan* was erroneous. If so, it was wrong in the prior cases they allowed to stand.

The Supreme Court remanded the case to this court to determine whether the error found in the first appeal of this case affects White's judgment as to the value of his interest in the condemned property as the lessee. In the first appeal of this case, the Georgia Supreme Court determined that the trial court erred in admitting "testimony concerning the subjective intent of the city council in refusing to grant a permit for a sign which violated zoning requirements." *Fulton County v. Dangerfield*, 260 Ga. 665, 666 (398 SE2d 14) (1990).

"The correct measure of damages for the loss of use of leased property is the diminution in the *market value of the leasehold* during the remainder of the unexpired term of the lease, less any rents to be paid by the lessee." (Emphasis supplied and omitted.) (Citations and punctuation omitted.) *Ellis v. Dept. of Transp.*, 175 Ga. App. 123, 124 (333 SE2d 6) (1985).

It is undisputed that the Dangerfields, not White, submitted the improper evidence to show that the property had extra value as a site for an advertising sign. It is also clear that the value of the property as a site for an advertising sign is not relevant to the diminution in the market value of White's leasehold interest.

In *White v. Fulton County*, supra, the Supreme Court specifically found that "the aggregate value of White's leasehold and [the Dangerfields'] ownership interest [was] not limited to the fair market value of the subject property." Therefore, as the jury was properly charged with the correct measure of damages for the loss of a leasehold interest, and the improperly admitted evidence did not apply to such damages, the trial court was correct in granting White's motion to dismiss.

*Judgment affirmed. Johnson and Smith, JJ., concur in judgment only.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED NOVEMBER 10, 1994.

*Robert G. Young*, for appellants.
*Peek & Whaley, James G. Peek, J. Corbett Peek, Jr., Culbreth &*

*Sharony, Abraham A. Sharony*, for appellee.