A94A2124. FUNK et al. v. FULTON COUNTY et al.
(453 SE2d 82)

McMURRAY, Presiding Judge.

This is a total taking condemnation case involving an office condominium. The property was owned by Dr. Sidney A. Funk, who leased it to a professional corporation which he owned and through which he conducted his medical practice. Decisions from an earlier series of appeals in this case are reported as *MARTA v. Funk*, 263 Ga. 385 (435 SE2d 196); 211 Ga. App. 19 (439 SE2d 517); and 206 Ga. App. 868 (426 SE2d 623). Following the return of the case to the trial court following these appeals, the case was again tried before a jury to determine just and adequate compensation to the two condemnees, Dr. Funk and his corporation. The condemnees appeal the judgment entered on the jury's verdict. The sole enumeration of error complains

of the trial court's charge to the jury. *Held:*

The condemnees objected to portions of the charge which limited the valuation of the interests of the lessor, Dr. Funk, and the lessee corporation to a total no greater than the value of the whole property. This amounted to an application of the "undivided fee rule" which has been held to be contrary to Georgia law. Under the correct rule, the aggregate value of a leasehold and ownership interest is not limited to the fair market value of the subject property. *White v. Fulton County*, 264 Ga. 393 (444 SE2d 734). We note that the decision in *White v. Fulton County*, supra, was rendered after the trial court's judgment in the case sub judice.

While the condemnors have argued that the trial court did not instruct the jury to limit their award to the fair market value of the property, this is simply incorrect. The jury was instructed to award to each condemnee their portion of just and adequate compensation for the property, while just and adequate compensation was defined as fair market value.

The absence of any evidence or claim of "unique" value to either of the condemnees does not alter the applicable rule. The concept of "uniqueness" and the concept expressed in *White v. Fulton County*, supra, are related only in that they define separate sets of circumstances under which condemnees may receive more than fair market value as just and adequate compensation. The goal in each instance is to compensate the condemnee for what he has lost as opposed to measuring the taking by what the condemnor has gained. In the instance of a "unique" property the additional compensation is predicated on value of the property, in excess of fair market value, which is peculiar to the owner. This is a separate concept from that accepted in *White v. Fulton County*, supra, which is an acknowledgment that where ownership of property is fragmented, the sum of the values of the separate estates may exceed the value of the unencumbered whole. The trial court erred in instructing the jury so as to limit the sum of the awards to the two condemnees to the fair market value of the property.

*Judgment reversed. Pope, C. J., and Johnson, J., concur. Smith, J., disqualified.*

DECIDED DECEMBER 16, 1994 —
RECONSIDERATION DENIED JANUARY 10, 1995 —

*Peek & Whaley, James G. Peek, J. Corbett Peek, Jr.*, for appellants.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L.*

*Meeks, Susan B. Forsling,* for appellees.