S95G0723. FULTON COUNTY et al. v. FUNK et al.

(463 SE2d 883)

CARLEY, Justice.

In a total taking, Fulton County and the Metropolitan Atlanta Rapid Transit Authority condemned property owned by Dr. Sidney Funk and leased to his professional corporation. The issue of just and adequate compensation for both condemnees was tried jointly before a jury and no evidence of uniqueness was presented. The valuation evidence of all parties dealt only with the fair market value of the property. The trial court charged the jury that the amount of just and adequate compensation should "equal the whole — the value of the whole property, just and adequate compensation for the whole property." The condemnees appealed and, citing *White v. Fulton County*, 264 Ga. 393 (1) (444 SE2d 734) (1994), the Court of Appeals reversed on the ground that the above-quoted charge improperly instructed the jury to apply the "undivided fee rule." *Funk v. Fulton County*, 216 Ga. App. 30 (453 SE2d 82) (1995). We granted certiorari to consider that holding of the Court of Appeals.

"[P]rivate property shall not be *taken or damaged* for public purposes without just and adequate compensation being first paid." (Emphasis supplied.) Art. I, Sec. III, Par. I (a) of the Ga. Const. of 1983. Prior to *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966), this constitutional requirement was satisfied by payment of the value of the real property interests taken or damaged. *Central Ga. Power Co. v. Mays*, 137 Ga. 120, 123-124 (72 SE 900) (1911). In *Bowers*, supra at 731 (2), however, this Court held that a condemnee could seek business losses as a separate element of just and adequate compensation, in addition to the value of the real property interests taken or damaged. See also *MARTA v. Funk*, 263 Ga. 385 (435 SE2d 196) (1993). Thus, after *Bowers*, it was no longer universally true that the maximum amount of just and adequate compensation payable by the condemnor is the value of the real property interests taken or damaged. Under *Bowers*, the condemnee could seek business losses as a separate element of just and adequate compensation.

If just and adequate compensation to the owners of the various interests in the land being condemned requires that the total compensation exceed the value of the land, this presents no difficulty because, under *Bowers*, supra, and under the constitutional requirement mentioned, the jury is not only required to render a verdict for an amount which will justly and adequately compensate the condemnees for the value of the land taken, but also for whatever damages result to the condemnees from the condemnation proceeding.

*State Hwy. Dept. v. Thomas*, 115 Ga. App. 372, 377 (1) (154 SE2d 812) (1967).

Although *Bowers* expanded the elements of recoverable just and adequate compensation, it had no effect on the applicability of the "undivided fee rule." That rule applies only when the fair market value of the real property taken does, in fact, constitute just and adequate compensation in a particular case. Pursuant to the rule, the condemnor need only pay the value of the land that was taken, which is then to be divided among the claimants based upon their respective interests. 4 Nichols on Eminent Domain, § 12D.04[3]. Insofar as the valuation of the land that was taken is concerned, neither the lessor nor the lessee is harmed by the application of this rule in the usual case. Generally, a leasehold has value to the lessee only if he is paying below-market rent and, to the extent that a fee is encumbered by a lease for below-market rent, it is of a correspondingly *lesser* value to the lessor. *MARTA v. Funk*, supra at 387-388. Thus, a single valuation of the undivided fee will represent the total amount of just and adequate compensation that must be paid for the real property taken and the lessee and lessor will be entitled to their respective shares thereof. Since the lessor "owned and held the land subject to the interest therein of his lessee, he [is] not entitled to compensation for the injury to the interest of the lessee. . . ." *Ga. Power Co. v. Brooks*, 207 Ga. 406, 409 (1) (62 SE2d 183) (1950). In that regard, the compensation to be paid is for the land that was taken,

and not for the different interests therein. Therefore, the duty of the condemnor to make payment is not affected by the nature of title or the diversity of interest in the property. Pursuant to this concept, known as the "undivided fee rule," the condemnor need only pay the value of the land [that was taken] and this is divided among the claimants based upon their respective interests.

4 Nichols on Eminent Domain, § 12D.04[3].

There is no doubt that, in Georgia, each condemnee must be paid

for what he has lost, not for what the condemnor has gained. However, in *White*, supra at 394 (1), fn. 1, we mistakenly held that the "undivided fee rule" expresses a "contrary principle." Rather than expressing a "contrary principle," that rule merely insures that each condemnee will not be paid more than he has lost. " 'Justice is no more done in the case of *over*payment than in the case of *under*payment.' [Cit.]" (Emphasis in original.) *MARTA v. Funk*, supra at 388. Under the rule, the fair market value of the property that was taken is generally the maximum amount that the condemnees can recover for their lost interests in the real property. This is true because, when the value of the real property that was taken is being determined, any "value" in the leasehold generally results in a corresponding loss in the "value" of the fee. *MARTA v. Funk*, supra. The only exception is when the condemnees successfully assert that the property that was taken has a unique value. See *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. 229 (264 SE2d 174) (1980). In that limited event, the fair market value of the property that was taken will not represent just and adequate compensation for their lost interests in the real property. *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849, 853 (128 SE2d 520) (1962).

*White* did not involve a charge on the "undivided fee rule." The sole question presented for resolution therein was whether an erroneous evidentiary ruling required that the issue of the lessee's, as well as the lessor's, just and adequate compensation be retried. The Court of Appeals based its ruling on this issue entirely upon the "undivided fee rule." However, that rule could not be dispositive, since, in *White*, the issue of just and adequate compensation had not been limited to the value of the property that was taken. Instead, the issue of uniqueness and business losses had been injected into the case. *Fulton County v. Dangerfield*, 195 Ga. App. 208, 209 (2) (393 SE2d 285) (1990); *Fulton County v. Dangerfield*, 209 Ga. App. 298, 299 (433 SE2d 335) (1993). Accordingly, this Court correctly vacated the judgment of the Court of Appeals and remanded for a proper determination of whether the evidentiary error required a retrial as to the lessee's just and adequate compensation. Unfortunately, in so doing, we employed language which misconstrues the "undivided fee rule."

The trial court's charge that is challenged in this case was correct in view of the evidence presented and the issues to be resolved. The taking was total and there was no contention that the property was unique. Under these circumstances, "the jury was bound to find from the evidence that fair market value was synonymous with just and adequate compensation. . . ." *State Hwy. Dept. v. Thomas*, supra, 849, 854 (5). The trial court's charge did not have the effect of instructing the jury to use "what the condemnor gained" as the means to determine "what the condemnee lost." Under the evidence, all that

the condemnees had lost was their respective interests in the real property that was taken. Compare *White v. Fulton County*, supra. The trial court's charge, therefore, correctly instructed the jury that the fair market value of the property was the maximum that could be awarded. Accordingly, the Court of Appeals' erroneous reversal of the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur, except Sears, Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

The majority, for all its protestations to the contrary, has made the undivided fee rule the law of this State and has overruled *White v. Fulton County*, 264 Ga. 393 (444 SE2d 734) (1994). Because the Georgia Constitution mandates rejection of the undivided fee rule, I dissent.[1]

When the State exercises its right to take away the property of one of its residents, that party is entitled to recover in full the amount that justly and adequately compensates him for the taking. Art. I, Sec. III, Par. I (a), Ga. Const. (1983). Because the Georgia Constitution " 'deals with persons, not with tracts of land,' " *White*, supra at 394 (1), our appellate courts have long recognized that the amount of just and adequate compensation involves what the condemnee lost, not what the condemnor gained.[2] The undivided fee rule, on the other hand, limits the amount a condemnee can recover by making the amount of recovery contingent upon what the condemnor gained. The undivided fee rule involves situations where individuals own different interests in the same piece of property (usually, landlord-tenant arrangements) and requires the factfinder to determine what the con-

---

[1] There is no question, even by the parties to this appeal, that the charge given the jury in this case included the undivided fee rule. On two separate occasions the trial court instructed the jury to look to the whole or total value of the property when considering the amount of just and adequate compensation due to the landlord and the tenant. The first charge provided:

> Now this verdict that you all will render here will require you to separate the interest of the two entities here, each one of the parties, and the verdict will point out to you, will indicate which defendant it's for. And in considering them separately, however, *it's important for you to determine what is just and adequate compensation for the property, the total property. . . .*

(Emphasis supplied.)

The second charge provided:

> The landlord and the tenant own the entire property there. The land[lord] had an interest in the ownership, and the lessee had an interest, *and their interest in the property should equal the whole — the value of the whole property, just and adequate compensation for the whole property.*

(Emphasis supplied.)

[2] See, e.g., *White*, supra; *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (1) and (2) (292 SE2d 435) (1982); *Dept. of Transp. v. Kendricks*, 148 Ga. App. 242 (1) (250 SE2d 854) (1978); *State Hwy. Dept. v. Thomas*, 115 Ga. App. 372 (1) (154 SE2d 812) (1967).

demnor gained (the whole property or "undivided fee") and limits the condemnees' award to their share of that whole amount, without regard to the amount the condemnees lost. In other words, the aggregate amount of the several interests are not allowed to exceed the value of the whole. The undivided fee rule thus violates the Georgia Constitution because it does not allow a condemnee to recover just and adequate compensation for the full value of its separate property interest whenever that interest, valued together with other condemnees' interests, exceeds the value of the "whole" property.

The undivided fee rule does not prevent the condemnees of separate, non-unique property interests from recovering "more" than just and adequate compensation: it only prevents such condemnees as a group from recovering "more" than what the condemnor received, even though that amount may be "less" than what each individual condemnee lost. The undivided fee rule presents the superficially attractive idea that what the condemnees lost should equal precisely what the condemnor gained, with neither party gaining more or losing less than they were constitutionally entitled to receive. That idea, however, is a chimera. Only in an ideal world could the undivided fee rule operate constitutionally, an ideal world where the appraisal of property interests could be so precisely calculated that condemnees' loss would indeed equal precisely condemnor's gain. But the real world produces opinions, instead of absolutes, and as long as valuation testimony conflicts and a jury is entitled to believe or disregard all or any part of any witnesses' testimony, the reality is that there will be jury verdicts in which the total monetary amount awarded to justly and adequately compensate the individual interests in a condemned property may exceed the monetary amount attributed by witnesses at trial as representing the value of the unencumbered fee as a whole.

The majority attempts to distinguish between "unique" properties and properties that are subject to fair market valuation. The undivided fee rule is not about unique vs. non-unique property; it is not about how leasehold interests are valued. It is about the manner in which the factfinder goes about calculating the amount due each condemnee, a process that applies regardless of the uniqueness or nonuniqueness of the property involved. By focusing the factfinder's attention onto the "whole" gained by the condemnor, the undivided fee rule shifts the factfinder's attention away from the constitutionally-mandated calculation of what the condemnee lost, what was the value of that part of the property taken. Contrary to the majority's claim, this Court in *White* made no mistake when it rejected the undivided fee rule without drawing any artificial distinction between unique and non-unique properties. It is the majority that misconstrues former law and violates the Georgia Constitution by foisting an artificial distinc-

tion between types of property that deprives owners of non-unique property interests of just and adequate compensation for their property. As a final practical matter it should be noted that because the jury generally decides whether condemned property is unique, *Raiford v. Dept. of Transp.*, 206 Ga. App. 114 (3) (424 SE2d 789) (1992), the distinction the majority attempts to draw between unique and non-unique property will fail in application and its opinion will result in the giving of the undivided fee rule charge in *all* condemnation cases.

*White* holds

"[T]he rule in Georgia is that where there are separate estates to be condemned, each owner is entitled to the full value of his respective interest, even though the aggregate amount thus attained may exceed the value of the property appraised as a unit." [Cits.]

Under the majority opinion that rule no longer exists in Georgia as to owners of non-unique properties. I dissent to the majority opinion abolishing that rule and making the undivided fee rule the law of this State.

I am authorized to state that Justice Sears and Justice Thompson join in this dissent.

DECIDED DECEMBER 4, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L. Meeks, Susan B. Forsling,* for appellants.
*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek,* for appellees.